JOHN D. BORGMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Borgman v. Commissioner
Docket No. 17260-82.
United States Tax Court
T.C. Memo 1984-503; 1984 Tax Ct. Memo LEXIS 168; 48 T.C.M. (CCH) 1180; T.C.M. (RIA) 84503; September 20, 1984. Philip S. Weinstein, for the petitioner. Albert A. Balboni, for the respondent. SWIFT MEMORANDUM OPINION SWIFT, Judge: Thismatter is *169 before the Court on petitioner's motion for summary judgment under Rule 121 of the Tax Court Rules of Practice and Procedure. All of the facts relevant to this motion have been stipulated by the parties and are incorporated herein by reference. The issue is therefore ripe for resolution by way of summary judgment. At the time of filing his petition herein, petitioner resided in Acton, Massachusetts. Petitioner's Federal income tax returns for 1974 and 1975 were filed with the Internal Revenue Service Center at Cincinnati, Ohio. Petitioner's Federal income tax return for 1976 was filed with the Internal Revenue Service Center at Andover, Massachusetts. In the course of an audit of petitioner's Federal income tax liabilities for 1974, 1975 and 1976, petitioner signed extensions of the statute of limitations until April 15, 1982 for the assessment of taxes for those years. In October of 1981, petitioner moved from his residence address in Chicago, Illinois, to his present address at 26 Blackhorse Drive, Acton, Massachusetts. On November 27, 1981, a revenue agent of respondent telephoned petitioner at petitioner's new home in Acton, Massachusetts. In that telephone *170 conversation, petitioner requested that the on-going audit of his tax liabilities for 1974, 1975 and 1976 be transferred to respondent's Boston office, and petitioner informed respondent of petitioner's new address in Acton, Massachusetts. On April 12, 1982, respondent mailed petitioner the notice of deficiency in dispute herein with respect to petitioner's tax liabilities for 1974, 1975 and 1976 to two of petitioner's former residence addresses (namely, 413 Berry, Naperville, Illinois 60540 and 5539 East Lake Drive, Lisle, Illinois 60532). Respondent did not mail the notice of deficiency to petitioner's then current address in Acton, Massachusetts. The United States Postal Service forwarded the notice of deficiency from Illinois to petitioner's residence in Acton, Massachusetts, and petitioner actually received the notice of deficiency on April 17, 1982, five days after it was mailed. On April 27, 1982, respondent mailed other correspondence directly to petitioner at petitioner's residence address in Acton, Massachusetts. The petition herein was timely filed on July 12, 1982, within ninety days of mailing of the notice of deficiency on April 12, 1982. Petitioner *171 contends that the notice of deficiency was invalid since it was not mailed to his "last known address" within the meaning of section 6212. [1] Therefore, petitioner argues that the statute of limitations pursuant to section 6501(c)(4) now bars any assessments for the years involved herein. *172 Respondent agrees that the notice of deficiency was not mailed to petitioner's last known address, but asserts that the notice was valid because the United States Postal Service forwarded the notice of deficiency to petitioner, petitioner actually received the notice within five days of the mailing of the notice by respondent (i.e., April 17, 1982), and a timely petition was thereafter filed. The resolution of the issue before us is governed by the Court's recently reviewed opinion in Frieling v. Commissioner,81 T.C. 42 (1983). Similar to the facts herein, the taxpayers in Frieling had notified respondent's representatives of the change in their address. The notice of deficiency was mailed to an old address but the postal service forwarded it to the taxpayers at their new address, and they received it in time to file, and did so file, their petition within 90 days of the mailing of the notice of deficiency. The Court held that section 6212 does not require that a notice of deficiency be mailed to a taxpayer's last known address if the taxpayer actually receives the notice "well within 90 days of its mailing" and in regard to which a timely petition was filed. *173 Frieling v. Commissioner,supra,81 T.C. at 53. This Court also held that the notice was effective to suspend the statute of limitations on assessment as of the date of mailing, and the fact that the notice was not actually received by the taxpayers until after the statute of limitations otherwise would have expired did not change that result. As the Court stated in Mulvania v. Commissioner,81 T.C. 65, 67-68 (1983)-- a notice of deficiency is not invalid merely because it is not sent to the taxpayer's last known address. The language of section 6212(b)(1) is clearly permissive; the notice of deficiency "shall be sufficient" if it is sent to the last known address. In enacting the predecessor of section 6212(b)(1), Congres did not create a mandatory address to which a notice of deficiency had to be mailed; rather, Congress provided the Commissioner a "safe harbor" address to which he could send the notice, and it would be effectiv even though the taxpayer did not actually receive such notice because he had moved, died, or become incompetent. * * * Providing the taxpayer with actual notice of the deficiency in a timely manner is *174 the essence of the statutory scheme. * * * There is no indication that by providing the safe harbor, Congress intended to invalidate the Commissioner's use of alternative methods of communication which in fact result in actual notice to the taxpayer. * * * [Citations omitted.] Petitioner makes a number of arguments to distinguish and to avoid the controlling effect of Frieling v. Commissioner,supra. Those arguments are not persuasive and merit no further discussion. For the reasons set forth above, petitioner's motion for summary judgment will be denied. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect in the years in dispute. The provisions of section 6212(a) and (b)(1) provided for 1974 as follows: Section 6212. NOTICE OF DEFICIENCY (a) In General.--If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 42, or 43, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. (b) Address for Notice of Deficiency.-- (1) Income and gift taxes and certain excise taxes.--In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, or chapter 43, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.↩