John D. BORGMAN,
Petitioner, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent,
Appellee.

No. 89–1317.

United States Court of Appeals,
First Circuit.

Heard Sept. 14, 1989.

Decided Nov. 17, 1989.

Philip S. Weinstein, for petitioner, appellant.

Doris D. Coles, Tax Div., Dept. of Justice, with whom Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen and Richard Farber, Tax Div., Dept. of Justice, Washington, D.C., were on brief, for respondent, appellee.

Before BREYER, Circuit Judge, COFFIN, Senior Circuit Judge, and MAYER,* Circuit Judge.

MAYER, Circuit Judge.

This is an appeal from an order of the United States Tax Court denying John Borgman's motion for summary judgment on his petition for a redetermination of income tax deficiencies. The court held that the Commissioner's notice of deficiency was valid and timely even though it was not mailed to Borgman's last known address. *Borgman v. Commissioner*, 48 T.C.M. (CCH) 1180 (1984). Following the denial of summary judgment, the parties stipulated the fact and the amount of the deficiencies, and an order and decision was entered upon their joint motion, preserving the summary judgment issue for appeal. We affirm.

On April 12, 1982, a notice of deficiency was mailed to Borgman at two of his former addresses in Chicago that were listed on Form 872, Borgman's consent to the extension of the statute of limitations for the assessment of a deficiency until April 15, 1982. Four months earlier, Borgman had informed the revenue agent respon-

sible for the audit of his tax returns of a new address in Acton, Massachusetts. Nevertheless, the post office in Chicago forwarded the notice of deficiency to Acton, and Borgman received it on April 17, 1982, five days after it was mailed and two days after the statute of limitations would have run. He filed a timely petition in the Tax Court for a redetermination of the assessed deficiencies.

The motion for summary judgment was premised on the notion that the notice of deficiency was either invalid under 26 U.S.C. § 6212 or did not toll the statute of limitations under 26 U.S.C. §§ 6501 & 6503(a)(1), because it was not mailed to his last known address. The relevant provisions of the Internal Revenue Code of 1954 are set out in the margin.**

Borgman's linchpin for both arguments is the language in section 6212(a) that notice be sent "to the taxpayer." This he says, requires that it be sent to his last known address as contemplated by section 6212(b)(1).

We agree with the other courts of appeals that have rejected similar arguments. Nothing in section 6212(a) specifies the address to which a notice of deficiency must be mailed. Nor does section 6212(b)(1) prescribe the address to which it must be sent. *See Delman v. Commissioner*, 384 F.2d 929, 933 (3rd Cir.1967). Instead, it sets up a "safe harbor" for the Commissioner in cases where the taxpayer does not actually receive notice because he has died, become incompetent or failed to inform the Service of a change of address. The purpose of sections 6212(a) and (b)(1) is to insure that the taxpayer receives a timely actual notice so he can challenge the assessment within the 90–day period provided in section 6213. *See Clodfelter v. Commissioner*, 527 F.2d 754, 757 (9th Cir.1975).

The only time section 6212(b)(1) comes into play is when a taxpayer either does not receive the notice or receives it in insuffi-

---

* Of the Federal Circuit, sitting by designation.

** 26 U.S.C. § 6212. Notice of Deficiency
    (a) If the Secretary determines that there is a deficiency in respect of any tax ... he is

cient time to file his petition with the Tax Court. In that event, the notice will only be valid to toll the statute of limitations per section 6212(b)(1) if it was mailed to the last known address. *See Mulvania v. Commissioner*, 769 F.2d 1376, 1379 (9th Cir.1985). A notice of deficiency that is actually received without delay prejudicial to the taxpayer's ability to petition the Tax Court is sufficient to toll the statute of limitations as of the date of mailing. *See Clodfelter v. Commissioner*, 527 F.2d at 757; *Pugsley v. Commissioner*, 749 F.2d 691, 693 (11th Cir.1985).

The notice sent to Borgman was valid and sufficed to toll the statute of limitations on April 12, 1982, when it was mailed to his former addresses. He still had left 85 of the 90 days in which to file his petition, and he did. There is no suggestion that he was prejudiced by any delay.

*The order of the Tax Court is affirmed.*

authorized to send notice of such deficiency to the taxpayer by certified or registered mail.

(b)(1) In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax ... if mailed to the taxpayer at his last known address, shall be sufficient ... even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

26 U.S.C. § 6213. Restrictions applicable to deficiencies; petition to Tax Court

(a) Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed ..., the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency....

26 U.S.C. § 6501. Limitations on assessment and collection

(a) Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed....

26 U.S.C. § 6503. Suspension of running of period of limitation

(a)(1) The running of the period of limitations provided in section 6501 ... on the making of assessments ... in respect of any deficiency ... shall (after the mailing of a notice under section 6212(a)) be suspended....