43 F.3d 1483
 75 A.F.T.R.2d 95-525, 95-1 USTC P 50,042
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eloise Kirby TAYLOR, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-9004.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner seeks review of the Tax Court's decision upholding the Commissioner's determination of petitioner's tax deficiencies for the years 1972, 1973, 1975, 1976, and 1977.[2] This court reviews the Tax Court's conclusions of law de novo and its findings of fact for clear error. Hall v. Commissioner, 30 F.3d 1304, 1304 (10th Cir.1994).
 
 
 3
 As an initial matter, petitioner asserts that this proceeding to establish her tax deficiency is time-barred. Although the Internal Revenue Service (IRS) must assess any tax deficiency within three years of the taxpayer's filing a return, 26 U.S.C. 6501(a), where, as here, the taxpayer fails to file any return at all for the years at issue, "the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time," id. 6501(c)(3). Petitioner's assertion that the substitutes for her returns, see generally id. 6020(b), prepared by the IRS in 1980, were sufficient to serve as her return in order to start the three-year limitations period running is incorrect. See id. 6501(b)(3) (Secretary's execution of a return shall not start the running of limitations period on assessment and collection of tax deficiency); see also Bergstrom v. United States (In re Bergstrom), 949 F.2d 341, 343 (10th Cir.1991)("substitute returns do not constitute filed returns in the absence of the signature of the taxpayer, as required by 26 U.S.C. 6020(a)"). Lastly, we note that the equitable doctrine of laches does not provide any defense to the IRS' enforcement of tax claims. Dial v. Commissioner, 968 F.2d 898, 904 (9th Cir.1992).
 
 
 4
 Petitioner argues that the IRS was required to collect the deficiency at issue here within six years of an earlier deficiency notice sent to her in March 1983. See 26 U.S.C. 6502(a)(1)(subsequently amended). Because, according to petitioner, the IRS sent the 1983 notice to her at a former address rather than her "last known address," see id. 6212(b)(1), as ascertained from her most recent income tax return, see Armstrong v. Commissioner, 15 F.3d 970, 974 (10th Cir.1994)(taxpayer's last known address is address on most recent tax return); Cyclone Drilling, Inc. v. Kelley, 769 F.2d 662, 664 (10th Cir.1985) (same), the IRS, in 1989, abated that deficiency assessment.
 
 
 5
 The current proceeding results from a second notice of deficiency the IRS sent petitioner in 1991. In this case, petitioner now asserts that the 1983 deficiency notice was valid and sufficient to commence the running of the limitations period for collecting the assessed deficiency. We disagree. Because the Commissioner abated the 1983 notice of deficiency based upon a reasonable belief that the notice was invalid, that notice was ineffective to begin running the limitations period for the collection of the deficiency. Cf. Borgman v. Commissioner, 888 F.2d 916, 917-18 (1st Cir.1989)(notice of deficiency sent to wrong address will not toll already running limitations period unless taxpayer receives actual, timely notice); Hubbard v. Commissioner, 872 F.2d 183, 184-85, 186 (6th Cir.1989)(deficiency notice mailed to wrong address insufficient to recommence running of limitations period under terms of agreement between IRS and taxpayer to extend indefinitely time for assessment); Roszkos v. Commissioner, 850 F.2d 514, 515, 516-18 (9th Cir.1988)(same), cert. denied, 489 U.S. 1012 (1989).
 
 
 6
 Petitioner also challenges the Tax Court's denial of relief under 26 U.S.C. 66(c), which provides that a taxpayer may not be liable for community income[3] earned by the taxpayer's spouse if
 
 
 7
 (1) an individual does not file a joint return for any taxable year,
 
 
 8
 (2) such individual does not include in gross income for such taxable year an item of community income property includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse,
 
 
 9
 (3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and
 
 
 10
 (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income....
 
 
 11
 The Tax Court found that petitioner failed to establish that she "did not know of, and had no reason to know of," id., her former husband's sources of income for the years at issue here. After review of the record and the trial transcript, we cannot conclude that the Tax Court's finding of fact was clearly erroneous. See Roberts v. Commissioner, 860 F.2d 1235, 1239 (5th Cir.1988)(reviewing similar Tax Court factual determination for clear error). Petitioner does not assert that she was unaware of her former husband's source of income during the years in question, but that she mistakenly believed he had filed a joint tax return for the couple for these years. She also asserts that she had no control over her former husband's business activities. These assertions, however, in the circumstances of this case, are insufficient to entitle petitioner to relief under 66(c).
 
 
 12
 Petitioner's remaining arguments are unpersuasive. The decision of the Tax Court, therefore, is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner's motion to proceed on appeal in forma pauperis is GRANTED
 
 
 [3]
 New Mexico provides that the income earned by petitioner's former husband during their marriage is community income, N.M. Stat. Ann. 40-3-8, under that state's Community Property Act, N.M. Stat. Ann 40-3-6 to 40-3-17