T.C. Memo. 1996-196

UNITED STATES TAX COURT

CHARLES T. AND JOAN B. PHILLIPS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4706-94.                    Filed April 23, 1996.

<u>Thomas E. Redding</u> and <u>Sallie W. Gladney</u>, for petitioners.

<u>John F. Eiman</u> and <u>Thomas Fenner</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FAY, <u>Judge</u>:  This case is before the Court on the parties'
cross-motions to dismiss for lack of jurisdiction.  The parties
have stipulated that petitioners[1] filed a petition with the U.S.
Tax Court on March 21, 1994, more than 90 days after both notices
of deficiency were mailed.  On May 20, 1994, respondent filed a

_____

    [1]All references to petitioner are to Mr. Charles T.
Phillips.

motion to dismiss for lack of jurisdiction on the ground that petitioners did not timely file a petition in this case within the 90-day period of section 6213(a), taking into account sections 7502 and 7503.[2]  On July 22, 1994, petitioners filed their own Motion to Dismiss for Lack of Jurisdiction, contending that jurisdiction is lacking because respondent failed to properly issue the statutory notices of deficiency to peti-tioners' last known address, as required under section 6212(b). This Court has jurisdiction to decide whether we have jurisdic-tion of a case.  Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999 (1978).

The primary issue for decision is whether respondent properly issued two statutory notices of deficiency, dated March 22, 1993, and June 24, 1993, to petitioners, pursuant to section 6212.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations and the stipulated exhibits are incorporated herein by this reference.  Due to the complexity of the facts, a hearing on the parties' motions held in Houston, Texas, lasted a day and a half and involved over 10 hours of testimony.

_____

[2]All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

At the time the petition was filed, petitioners resided in Houston, Texas. Petitioners were husband and wife during the taxable years 1987, 1988, and 1989. Petitioners filed their original Federal joint income tax return for 1987 on March 26, 1990, their original Federal joint income tax return for 1988 on June 4, 1990, and their original Federal joint income tax return for 1989 on June 28, 1990. All three returns listed petitioners' address as 3205 Riva Ridge in Austin, Texas (the Riva Ridge address). Petitioners also filed an amended U.S. individual income tax return (Form 1040X), for the tax year 1987 on June 20, 1991. On the Form 1040X, petitioners also listed the Riva Ridge address as their home address. Petitioners resided at the Riva Ridge address until June 6, 1991, when they moved to 4080 Savannahs Trail in Merritt Island, Florida (the Merritt Island address).

In March 1991, Revenue Agent Alan Myers (Revenue Agent Myers) was assigned to audit petitioners' 1987 and 1988 Federal income tax returns. On or about July 15, 1991, Revenue Agent Myers mailed a letter to petitioners at the Riva Ridge address informing them that their 1987 and 1988 Federal income tax returns had been placed under examination. The July 15, 1991, letter included Revenue Agent Myers' telephone number and mailing address, and it requested that petitioners contact Revenue Agent Myers if they had any questions. The July 15, 1991, letter was received by petitioners at their Merritt Island address even

though the letter was mailed to their Riva Ridge address.  After receiving the letter, petitioners did not inform Revenue Agent Myers of their move to the Merritt Island address.  Petitioners did however, file a change of address form with the U.S. Postal Service for their move from the Riva Ridge address to the Merritt Island address.

Revenue Agent Myers, in his examination of petitioners' Federal income tax returns, relied primarily on financial records, depositions, and other information held by the Resolution Trust Corp. (RTC), which was involved in a bankruptcy proceeding commenced by petitioners in Houston, Texas, in 1989. Revenue Agent Myers learned of petitioners' move to Merritt Island in the summer of 1991 from Mary Wilson, an attorney with RTC.

In April 1992, Christa Morgan (Revenue Agent Morgan), a revenue agent in Florida, began an income tax examination of Classified Property Management Corp. (CPMC), a corporation with which petitioners were associated.  Revenue Agent Myers contacted Revenue Agent Morgan to coordinate the individual and corporate audits.  In early May 1992, petitioner told Revenue Agent Morgan that, on May 13, 1992, he and his wife were moving to 6591 Bayou Glen in Houston, Texas (the Bayou Glen address).  Revenue Agent Morgan informed Revenue Agent Myers of petitioners' move to the Bayou Glen address.

Also in the spring of 1992, Evelyn Napolitano (Revenue Agent Napolitano), another revenue agent in Florida, contacted petitioners regarding the collection of employment tax from petitioner's professional corporation, Charles T. Phillips, P.C. Around May 6, 1992, petitioners informed Revenue Agent Napolitano of their impending move to the Bayou Glen address. Based on petitioner's statements to Revenue Agent Morgan and Revenue Agent Napolitano, petitioners' address was changed to the Bayou Glen address on the Internal Revenue Service's computer records by September 1992.

In June 1992, after petitioners moved to the Bayou Glen address, the CPMC audit was transferred from Revenue Agent Morgan to Revenue Agent Myers. Also in the spring of 1992, the employment tax collection matter was transferred to Revenue Officer Herma Mills (Revenue Officer Mills). Neither Revenue Agent Myers nor Revenue Officer Mills was aware at any time during the years in issue of each other's investigation of these tax liabilities.

On August 4, 1992, Revenue Officer Mills informed petitioners by a certified letter addressed to Charles T. Phillips, P.C., at the Bayou Glen address, of the Internal Revenue Service's intention to make a levy against the assets of that corporation to satisfy unpaid employment tax liabilities for all of 1990 and the first 3 quarters of 1991. Petitioner signed the return receipt for this letter on August 7, 1992.

On August 27, 1992, Revenue Officer Myers informed petitioners, by letters addressed to petitioners at the Bayou Glen address and the Merritt Island address, that he was beginning audits of petitioners' Federal individual income tax returns for the 1989 and 1990 tax years. The letter to the Bayou Glen address was sent by certified mail, and the return receipt for that letter was signed by petitioner on August 31, 1992. The certified letter sent to the Merritt Island address was returned unclaimed. Although petitioners received the August 27, 1992, letter, they never contacted Revenue Agent Myers regarding this letter, and Revenue Agent Myers sent no further correspondence to petitioners. By February 1993, Revenue Agent Myers finished the examination of petitioners' 1987, 1988, and 1989 tax years.

On October 5, 1992, Mrs. Phillips mailed a Form 3575, change of address form, to the U.S. Postal Service, indicating that petitioners were moving from the Bayou Glen address to 5376 Brownway in Houston, Texas (the Brownway address). Petitioners never notified the Internal Revenue Service of their move to the Brownway address.

On November 4, 1992, Revenue Officer Mills made a field call to the Bayou Glen address and was told by the property manager that petitioners had moved. Revenue Officer Mills then filed a request for new address with the U.S. Postal Service. The Postal Service informed Revenue Officer Mills of petitioners' new Brownway address.

On February 9, 1993, Revenue Officer Mills made a field call to the Brownway address and spoke to the property manager on the premises. Revenue Officer Mills left a calling card on the petitioners' door. Revenue Officer Mills received no response to the calling card.

Revenue Officer Mills learned petitioners' telephone number at the Brownway address by issuing a summons to the manager at the Brownway address. Revenue Officer Mills received no response to telephone calls she had made to petitioners. On February 22, 1993, Revenue Officer Mills prepared and submitted to her manager a report of currently not collectible taxes regarding Charles T. Phillips, P.C. This report was entered into respondent's computer system on February 25, 1993. The address shown on the report was not entered into respondent's computer.

On February 22, 1993, Revenue Officer Mills prepared and submitted to her manager a Form 4183, Recommendation Regarding 100-percent Penalty Assessment. On the Form 4183, Revenue Officer Mills listed petitioner's address as the Brownway address and the address of Charles T. Phillips, P.C., as the Bayou Glen address. Revenue Officer Mills listed the Bayou Glen address as the current address for Charles T. Phillips, P.C., because her records indicated that the current address for the corporation was the Bayou Glen address. Revenue Officer Mills listed the Brownway address as petitioner's current address because, as a

result of her own efforts in locating petitioner, she believed the Brownway address to be his current address.

On February 24, 1993, Group Manager Ronald W. Hopper mailed a letter prepared by Revenue Officer Mills to petitioner at the Brownway address. The letter informed petitioner that the Internal Revenue Service proposed to assess against him a penalty under section 6672 and that, if he did not agree, he should contact her within 10 days with additional information to support his position. The letter also informed petitioner that he had a right to appeal the determination within 30 days of the date of the letter, and, if Revenue Officer Mills did not hear from him, the penalty would be assessed against him. Petitioner did not respond to the February 24, 1993, letter.

On March 19, 1993, Revenue Officer Mills received via facsimile, two powers of attorney from a certified public accountant (C.P.A.) representing petitioner and Charles T. Phillips, P.C. The powers of attorney listed the Brownway address as the petitioners' current address. Revenue Officer Mills received no other information from petitioner, and, in June 1993, Revenue Officer Mills closed the audit of Charles T. Phillips, P.C., and recommended a section 6672 assessment against petitioner for the employment tax liabilities of the corporation. Although Revenue Agent Mills believed the Brownway address was petitioners' current address, she did not update respondent's computer files

upon closing her records because she had not received any notification from the taxpayers that they had moved.

On March 22, 1993, a statutory notice of deficiency for the tax years 1987 and 1988 was mailed by certified mail to petitioners at the Bayou Glen address.  On June 24, 1993, a notice of deficiency for the 1989 taxable year was mailed by certified mail to petitioners at the Bayou Glen address.  At the time of mailing of both notices of deficiency, the Internal Revenue Service personnel involved in the preparation and mailing of the notices did not know of petitioners' Brownway address.

Mr. Mladenka, the mail carrier at the Richhill Post Office who delivered the mail at the Bayou Glen address, crossed out the Bayou Glen address on both notices of deficiency and handwrote petitioners' Brownway address on the face of both notices of deficiency.  Mr. Mladenka then forwarded the notices of deficiency to the Julius Melcher Post Office for delivery to the Brownway address.

On March 25, 1993, Mr. Jared Horton, a mail carrier at the Julius Melcher Post Office, attempted to deliver the March 22, 1993, notice of deficiency to petitioners at the Brownway address; however, after he rang the doorbell twice, nobody answered the door.  Mr. Horton then placed a Form 3849 (yellow slip) in petitioners' mailbox at the Brownway address.  The yellow slip informed petitioners that the Postal Service was holding a certified letter for them and that the petitioners

could either pick it up at the Post Office or have the mail carrier attempt delivery again. Mr. Horton returned the letter to the Postal Service, where the dates April 2, 1993, and April 9, 1993, were written on the face of the notice of deficiency. On April 2, 1993, a second yellow slip was prepared by a postal clerk and given to the mail carrier for delivery to the Brownway address. This second notice reminded petitioners that a certified letter was waiting for them at the station and that it would remain there, available for pickup, until April 9, 1993, at which time it would be returned to the sender if not claimed. The March 22, 1993, notice of deficiency was not claimed by petitioners and was returned to the Internal Revenue Service marked "unclaimed". The Internal Revenue Service received the return envelope and its contents on April 16, 1993. The June 24, 1993, notice of deficiency underwent a similar process.

In compliance with Internal Revenue Manual provisions for undelivered notices of deficiency, respondents' Examination Support and Processing Branch (ESP Branch) places a returned notice of deficiency in a taxpayer's administrative files. The ESP Branch does not update respondent's computer system to reflect a new address shown on a returned notice of deficiency based on a handwritten address placed on the envelope, because employees of the ESP Branch do not know who wrote the address on the envelope. Since the Brownway address was handwritten on both of petitioners' returned notices of deficiency, petitioners'

address was not changed in respondent's computer, and neither of the returned notices of deficiency was reissued to the Brownway address.

OPINION

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989). Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b)(1); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a deficiency notice is mailed to the taxpayer's last known address, the notice is valid for purposes of section 6212 even if not actually received by the taxpayer. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, has 90 days (or 150 days under circumstances not present herein) from the date the notice of deficiency is mailed to file a petition for a redetermination of the deficiency in this Court. Sec. 6213(a).

There is no dispute in the instant case that the notices of deficiency were mailed on March 22, 1993, and June 24, 1993, respectively, and that the petition was filed on March 21, 1994,

more than 90 days after the mailing of the second deficiency notice. Respondent argues that the petition was untimely and should be dismissed for lack of jurisdiction.

Petitioners contend that the notices of deficiency were not mailed to their last known address. Petitioners argue that, because petitioner submitted to Revenue Officer Mills a power of attorney on March 19, 1993, listing the Brownway address as petitioners' current address, and because Revenue Officer Mills possessed independent knowledge that the Brownway address was petitioners' address at that time, the Internal Revenue Service had clear and concise notice of petitioners' change of address to the Brownway address, prior to the issuance of the two notices of deficiency. We need not address petitioners' contentions in those respects. As explained more fully below, we hold that the notices in question are valid on the ground that petitioners received "actual notice" of respondent's deficiency determinations, since the notices in question were promptly forwarded to petitioners' Brownway address.

The purpose of section 6212 is "to afford a taxpayer notice of the Commissioner's determination and an opportunity to litigate the validity of such determination in this Court without first paying the claimed deficiency." Mulvania v. Commissioner, 81 T.C. 65, 67 (1983), affd. 769 F.2d 1376 (9th Cir. 1985).

The purpose of section 6212 is accomplished when the taxpayer receives "actual notice" of the deficiency determination

in ample time to file a petition with this Court, without regard to whether the taxpayer resides at the address to which the notice was sent. See Goodman v. Commissioner, 71 T.C. 974, 977 (1979); Patmon & Young Professional Corp. v. Commissioner, T.C. Memo. 1993-143, affd. 55 F.3d 216 (6th Cir. 1995). Thus, we must determine whether petitioners received actual and timely notice of the deficiency determination. We hold that petitioners did receive such notice. A notice of deficiency is valid if mailed to the wrong address but forwarded by the Postal Service and actually received by the taxpayer without delay prejudicial to the taxpayer's ability to file a timely petition. Borgman v. Commissioner, T.C. Memo. 1984-503, affd. 888 F.2d 916, 917-918 (1st Cir. 1989); Yusko v. Commissioner, 89 T.C. 806 (1987). Additionally, a taxpayer may not defeat actual notice by refusing delivery of the deficiency notice, even if the notice were mailed to the wrong address. Patmon & Young Professional Corp. v. Commissioner, supra.

In the instant case, delivery of the notices of deficiency was not delayed; the Postal Service timely forwarded both notices to the Brownway address. Although petitioners deny that they received the yellow slips from the Postal Service at the Brownway address, petitioners acknowledge that they timely received other mail sent to them by respondent at that address. Additionally, at the hearing, petitioner testified that he was unaware of any problems in the delivery of mail to the Brownway address.

"Once respondent places the deficiency notice within the taxpayer's grasp [in ample time to file a petition with the Tax Court, respondent] * * * satisfies the requirement of section 6212; if the taxpayer turns a blind eye to that information, she does so at her own peril."  Patmon & Young Professional Corp. v. Commissioner, supra.

The evidence in this case shows that the U.S. Postal Service attempted delivery of both notices of deficiency and that petitioners had adequate notice and time to obtain the notices of deficiency from the local Post Office.  There is no indication in the record that anything was amiss in the normal handling of the mail in question.

We find that petitioners in the case herein received actual notice of the deficiency with ample time remaining to file a petition.  Petitioners have failed to produce any evidence, other than self-serving testimony, to explain their failure to claim the notices of deficiency and to file a petition in a timely manner.  Thus, we hold that the notices of deficiency are valid.  Therefore, since the petition in this case was not timely, we shall grant the Commissioner's motion to dismiss for lack of jurisdiction.

An appropriate order of

dismissal for lack of

jusisdiction will be entered

be issued.