PAUL W. ADAMS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

PAUL W. ADAMS, TRANSFEREE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 6976–74—6981–74.    Filed June 13, 1978.

*Sherin V. Reynolds,* for the petitioner.
*Thomas P. Dougherty, Jr.,* for the respondent.

## SUPPLEMENTAL OPINION

FAY, *Judge:* On May 30, 1978, our Findings of Fact and Opinion[1] were filed in this case (70 T.C. 373 (1978)), which, in part, sustained respondent's determination that petitioner was subject to a 5-percent excise tax individually and as transferee of Automatic Accounting Co. under section 4941(a)(1)[2] for certain acts of self-dealing which occurred between a private foundation and petitioner and Automatic. Pursuant to the opinion, decisions in docket Nos. 6977–74, 6978–74, and 6980–74 will be entered under Rule 155.

Respondent further asserted a deficiency in tax under section 4941(b)(1) and requested the Court to determine petitioner's liability for such a tax. The above-noted opinion does not preclude entry of a decision for respondent on this point. However, although somewhat obscure, therein lies the present problem.

---

[1]Because the question raised herein is a legal one, recitation of the facts, which are set forth at length in our initial opinion, need not be repeated in detail.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended.

At the outset, we note that the jurisdication of this Court is limited to that conferred upon it by statute. Sec. 7442. With certain exceptions,[3] this jurisdiction generally consists of authority to redetermine the correct amount of a "deficiency" asserted by the Commissioner. Sec. 6214(a). The term "deficiency," as it relates to the present case, is defined in section 6211(a) to mean "the amount by which the tax *imposed* by * * * chapter * * * 42" exceeds that shown on the return. (Emphasis supplied.) Thus, according to section 6211, the chapter 42 tax must be "imposed" before a deficiency can exist.

Section 4941(b)(1) provides that where an initial tax under section 4941(a)(1) is imposed on an act of self-dealing, and such act of self-dealing is not corrected within the correction period, then there is imposed an additional tax.[4] Pursuant to section 4941(e)(4), the correction period does not expire until the decision of this Court is final.[5] See secs. 6213(a), 6214(d), 7481, 7483, and 7459(c).

Under this statutory scheme, certain procedural and perhaps substantive difficulties are presented by the entry of decisions under these circumstances. Specifically, a deficiency cannot exist for this Court's redetermination until the section 4941(b)(1) tax is imposed, but such tax is not imposed, assuming no correction occurs, until this Court's decision is final. The circuitous nature of this procedure raises a serious question of whether this Court has the statutory authority to enter a decision which determines a deficiency in section 4941(b)(1) tax.

Accordingly, an order will be issued directing that the parties submit briefs setting forth their respective positions addressing the issue as to whether or not this Court, under the present

---

[3]See, e.g., secs. 7428, 7476, 7477, and 6512(b).

[4]SEC. 4941(b). ADDITIONAL TAXES.—

(1) ON SELF-DEALER.—In any case in which an initial tax is imposed by subsection (a)(1) on an act of self-dealing by a disqualified person with a private foundation and the act is not corrected within the correction period, there is hereby imposed a tax equal to 200 percent of the amount involved. The tax imposed by this paragraph shall be paid by any disqualified person (other than a foundation manager acting only as such) who participated in the act of self-dealing.

[5]SEC. 4941(e)(4). CORRECTION PERIOD.—The term "correction period" means, with respect to any act of self-dealing, the period beginning with the date on which the act of self-dealing occurs and ending 90 days after the date of mailing of a notice of deficiency with respect to the tax imposed by subsection (b)(1) under section 6212, extended by—

(A) any period in which a deficiency cannot be assessed under section 6213(a), and

(B) any other period which the Secretary determines is reasonable and necessary to bring about correction of the act of self-dealing.

statute, has the authority to determine a deficiency in section 4941(b)(1) tax.[6]

*An appropriate order will be issued.*

---

[6]It is expected that the parties' briefs will include: (1) A discussion of the definition of a "deficiency" contained in sec. 6211. This will necessarily involve the meaning of the word "imposed" used therein and in sec. 4941(b)(1). See *Laing v. United States,* 423 U.S. 161 (1976). (2) The provisions of secs. 6214 and 7442 relating to the jurisdiction of this Court. See *Bendheim v. Commissioner,* 214 F.2d 26 (2d Cir. 1954). (3) The weight to be given the congressional explanation of the scheme of enforcement of these provisions. See H. Rept. 91-413 (Part 1), 1969-3 C.B. 200, 214; S. Rept. 91-552 (1969), 1969-3 C.B. 423, 442. (4) The effect of the above, if any, on the imposition of the initial tax provided in sec. 4941(a)(1) under the transitional rules set forth in sec. 53.4941(f)-1(b)(2), Foundation Excise Tax Regs.