IRVING FREEDMAN AND THELMA FREEDMAN, PETITIONERS v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3740–78.     Filed January 15, 1979.

*Arthur M. Gurfein,* for the petitioners.
*Joan Ronder Domike,* for the respondent.

WILBUR, *Judge:* This matter comes before the Court on respondent's motion to dismiss for lack of jurisdiction insofar as the petition alleges error in the imposition of an excise tax pursuant to the provisions of section 1491.[1] The issue thus presented by respondent's motion is whether this Court has jurisdiction to redetermine an excise tax deficiency under section 1491.

### FINDINGS OF FACT

Petitioners are Irving Freedman and Thelma Freedman, husband and wife, who resided in Hollywood, Fla., at the time they filed the petition in this case. They filed joint Federal income tax returns for the period involved herein with the office of the Internal Revenue Service at New York, N.Y.

On January 12, 1978, respondent mailed petitioners a notice of deficiency (Internal Revenue Form L–50AD (Rev. 11–74)) determining an excise tax deficiency under section 1491 in the amount of $122,872. The transaction upon which the tax is asserted occurred on July 20, 1969, and involved petitioners' sale of I.O.S., Ltd., stock to the Freedman family trust. On January 12, 1978, respondent also mailed petitioners a notice of deficiency (Internal Revenue Form L–21AD (Rev. 11–74)) in income tax for the calendar year 1969 in the amount of $112,831. The income tax deficiency pertained to the same sale of stock as did the excise tax deficiency.

Petitioners timely filed a petition with this Court in which they contested both the income and excise tax deficiencies. On

---

[1]All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year of the transaction in issue (1969), unless otherwise indicated.

June 7, 1978, respondent filed a motion to dismiss the portion of the petition pertaining to the excise tax deficiency on the ground that this Court is without jurisdiction to redetermine petitioners' liability for the excise tax set forth in the petition.

## OPINION

The issue presented involves the jurisdiction of this Court to redetermine an excise tax deficiency imposed under section 1491. We conclude that we lack such jurisdiction.

Section 1491 is contained in chapter 5 of subtitle A of the Internal Revenue Code. It imposes an excise tax upon the transfer of appreciated stocks or securities by United States persons to certain foreign entities.[2] Section 1494(a) provides that the tax imposed by section 1491 shall, without assessment or notice and demand, be due and payable by the transferor at the time of transfer.[3]

The jurisdiction of the Tax Court to redetermine a deficiency and determine an overpayment is conferred by statute. Sec. 7442. Cf. *Burns, Stix Friedman & Co. v. Commissioner*, 57 T.C. 392, 396 (1971); *Adams v. Commissioner*, 70 T.C. 446 (1978). Preconditions to our jurisdiction include respondent's mailing taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and chapter 41, 42, 43, or 44 taxes), and the taxpayer's timely filing a petition with this Court. Sec. 6512(a).

Section 6212(a) dealing with the notice of deficiency, currently provides:

If the Secretary determines that there is a deficiency in respect of any tax

---

[2]Sec. 1491. IMPOSITION OF TAX.

There is hereby imposed on the transfer of stock or securities by a citizen or resident of the United States, or by a domestic corporation or partnership, or by a trust which is not a foreign trust, to a foreign corporation as paid-in surplus or as a contribution to capital, or to a foreign trust, or to a foreign partnership, *an excise tax* equal to 27½ percent of the excess of—

    (1) the value of the stock or securities so transferred, over

    (2) its adjusted basis (for determining gain) in the hands of the transferor.

[Emphasis added.]

[3]SEC. 1494. PAYMENT AND COLLECTION

    (a) TIME FOR PAYMENT.—The tax imposed by section 1491 shall, without assessment or notice and demand, be due and payable by the transferor at the time of the transfer, and shall be assessed, collected, and paid under regulations prescribed by the Secretary or his delegate.

imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by * * * mail.[4]

A deficiency is currently defined by section 6211(a) as follows:

(a) IN GENERAL. — * * * in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b)(2), made.

Petitioner contends that this statute is broad enough to provide jurisdiction over the present controversy. We concede that section 6212(a) does provide for the issuance of a deficiency notice when it is determined that "there is a deficiency in respect of *any* tax imposed by subtitle A or B or chapter 41, 42, 43, or 44." (Emphasis added.) We also recognize that respondent has sent petitioner a deficiency notice with respect to the tax imposed by section 1491. Nevertheless, section 6212(a) and section 6211(a) must be read together. The latter section defines a deficiency with reference to "income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44." We believe our jurisdiction is governed by the more specific definition of a deficiency set out in section 6211(a), which includes only those excise taxes imposed by chapters 41, 42, 43, and 44.

We believe the nature and purpose of the excise tax in issue reinforces our reading of the statute. We note that section 1494(a) provides that the tax "*shall without assessment or notice and demand,* be due and payable by the transferor at the time of the transfer, and shall be assessed, collected and paid under regulations prescribed by the Secretary." (Emphasis supplied.) Under section 1494(b), the tax may be abated, remitted, or refunded under certain circumstances. We believe this statutory framework contemplates expeditious assessment and collection

---

4Subtitle A contains secs. 1–1564. These sections concern the income tax, although they also include the excise tax provisions here in issue (secs. 1491–1494). Subtitle B contains secs. 2001–2622, the estate and gift tax provisions. Chs. 41, 42, 43, and 44 contain secs. 4911–4981, certain miscellaneous excise tax provisions located in subtitle D.

procedures giving the Secretary broad discretion wholly consistent with our reading of the statute. See H. Rept. 708, 72d Cong., 1st Sess. (1932), 1939–1 C.B. (Part 2) 457, 494; S. Rept. 665, 72d Cong., 1st Sess. (1932), 1939–1 C.B. (Part 2) 496, 536; H. Rept. 1492, 72d Cong., 1st Sess. (1932), 1939–1 C.B. (Part 2) 539, 552.[5]

Nor do we believe that minor drafting errors in the Tax Reform Act of 1969 require a different result. Prior to that Act, section 6211(a) then provided:

in the case of income, estate, and gift taxes, imposed by subtitles A and B, the term "deficiency" means the amount by which the tax imposed by subtitles A or B exceeds the excess of * * *

Section 6211(a) was amended by section 101(f) of the Tax Reform Act of 1969 to read as follows:

in the case of income, estate, gift, and excise taxes, imposed by subtitles A and B, and chapter 42, the term "deficiency" means the amount by which the tax imposed by subtitle A or B or chapter 42 exceeds the excess of * * *

The addition of the word "excise" to section 6211(a) in 1969 suggests the possibility that Congress intended to extend the statutory deficiency procedures, and the jurisdiction of this Court, to the excise tax imposed by section 1491. We do not believe the effective date of section 101(f) permits petitioner to claim the benefits of the drafting error.[6] But in any event, the legislative history of the Tax Reform Act of 1969 indicates that the amendment of section 6211(a) did not affect the authority to collect the tax imposed by section 1491 upon notice and demand, and that there was no intention of altering the procedures under section 1494(a). See H. Rept. 91–413 (Part 2) (1969), 1969–3 C.B. 340, 351. Moreover, to view the addition of the word "excise" to section 6211(a) as any more than a minor technical defect[7] in the drafting of a statute would undermine the policy behind the imposition of the section 1491 excise tax, giving the Commissioner the "widest latitude" in the exercise of sound discretion to

---

[5]It should be noted that sec. 1057 does not apply to the instant case. Sec. 1057 provides that in lieu of payment of the tax imposed by sec. 1491, the taxpayer may elect to treat a transfer described in sec. 1491 as a sale or exchange of property for an amount equal in value to the fair market value of the transferred property and to recognize taxable gain. However, this section only applies to transfers of property after Oct. 2, 1975. Pub. L. 94–455, sec. 1015(c) (1976).

[6]Sec. 101(k)(1) of the Tax Reform Act provides that "the amendments made by this section shall take effect on January 1, 1970." Sec. 1491 imposes a transactional tax, and the transaction herein occurred on July 20, 1969.

[7]The order of the language of sec. 6211(a) was corrected by a conforming and clerical amendment in 1974. Sec. 1016(a)(9), Pub. L. 93–406 (Employee Retirement Income Security Act of 1974).

prevent avoidance of income tax. See S. Rept. 665, 72d Cong., 1st Sess. (1932), 1939–1 C.B. (Part 2) 496, 536. Accordingly, this Court lacks jurisdiction over section 1491 excise tax deficiencies. Cf. Rev. Rul. 72–29, 1972–1 C.B. 283.

Petitioners' argument that this Court possesses jurisdiction regarding section 1491 excise tax deficiencies rests heavily on language contained in the notice of excise tax deficiency mailed by respondent. This notice and the accompanying cover letter contained instructions to the petitioners on the manner in which to contest the determination in this Court. The answer to petitioners' argument is clear. The subject matter jurisdiction of this Court is prescribed by statute, and it cannot be enlarged by the actions of the parties. See *National Builders, Inc. v. Secretary of War*, 16 T.C. 1220, 1224–1225 (1951). Thus, since we have no authority to redetermine a section 1491 excise tax deficiency, we must grant respondent's motion.

*An appropriate order will be entered.*