PAUL C. JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 5603-80 R.
United States Tax Court
T.C. Memo 1980-512; 1980 Tax Ct. Memo LEXIS 75; 41 T.C.M. (CCH) 377; T.C.M. (RIA) 80512; November 19, 1980, Filed Paul C. Jones, pro se. James M. Eastman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioner filed an objection and a hearing on the motion was held on October 6, 1980, at Los Angeles, California. We must decide (1) whether petitioner, a retired employee of Rockwell International Corporation, is an "interested party" entitled to file a petition for a declaratory judgment in this case, pursuant to section 7476(b)(1), [1] with respect to respondent's final determination letter dated January 25, 1980, and (2) if petitioner is a proper party, whether this Court has jurisdiction over the allegations of error in the petition or jurisdiction to grant the relief sought. The pertinent facts *77 may be summarized as follows: Petitioner is a former employee (now retired) of Rockwell International Corporation, having last been employed by Rockwell on September 7, 1977. The petition apparently seeks declaratory relief from respondent's determination dated December 16, 1977, [2] with respect to Rockwell's plan 001 as well as respondent's determination of January 25, 1980, regarding the plan. The latter determination was made with respect to a June 29, 1979, application by Rockwell as to whether its plan 001, as amended, continued to qualify under section 401(a). On August 8, 1979, petitioner filed a letter with the District Director's Office, Pittsburgh, Pennsylvania, relative to the qualification of the Rockwell Retirement Plan 001. The comments were directed to the manner in which Rockwell administered sections 3.1, 4.12, 8.3 and 8.6(d) of the plan. His reasons are more fully set out in paragraphs 10, 11 and 12 of his petition, as follows: *78 10. The petitioner asserts that the ROCKWELL Retirement Plan does not qualify on the ground that ROCKWELL is deficient in the administration of the Plan by failing to properly accord acceptance as "Credited Service" that particular portion of the petitioner's total service as an eligible, qualified employee amounting to a period of seventeen and five-twelfths years (17 & 05/12) within the time frame between March 1937 and August 1954. Further, the petitioner asserts that the Internal Revenue Service breached its enforcement duty by non-performance in the application of the retirement Plan [expressed in the wording of Section 3.1, Section 4.12, Section 8.3 and Section 8.6(d) as quoted verbatim within Exhibit "C"], and by nonperformance in the application of the requirements set forth in the Internal Revenue Code, Part I of Subchapter D of Chapter I, Sec. 401(a)(3) and the relevant Sec. 410(a)(1)(A)(i) the date on which the employee attains the age of 25. ROCKWELL took exception to this IRS requirement and made it age 35 (ten years later) in my case. Application of this particular Code requirement alone would accord the petitioner "Credited Service" amounting to a period of fourteen *79 and five-twelfths years (14 & 05/12) within the time frame between March 1940 and August 1954. Exhibits "A", "B", "C" and "G" are provided for clarification purposes. 11. The petitioner asserts that the ROCKWELL Retirement Plan does not qualify on the ground that ROCKWELL is deficient in the administration of the Plan by failing to properly accord acceptance as "Qualifying Employment" that particular portion of the petitioner's total service as an eligible, qualified employee amounting to a period of thirteen years (13 & 00/12) within the time frame between March 1937 and March 1950. Further, the petitioner asserts that the Internal Revenue Service breached its enforcement duty by non-performance in the application of the retirement Plan [expressed in the wording of Section 3.1, Section 4.12, Section 8.3 and Section 8.6(d) as quoted verbatim within Exhibit "C"], and by the non-performance in the application of the requirements set forth in the Internal Revenue Code, Part I of Subchapter D of Chapter I, Sec. 401(a)(3) and the relevant Sec. 410(a)(1)(A)(i) the date on which the employee attains the age of 25. ROCKWELL took exception to this IRS requirement and made it age 35 *80 (ten years later) in my case. Application of this particular Code requirement alone would accord the petitioner "Qualifying Employment" amounting to ten years (10 & 00/12) between March 1940 and March 1950. 12. That the respondent is indebted to the petitioner in the sum of Three Hundred Dollars ($300.00) due and payable each month subsequent to 31 OCT 77 by said respondent to said petitioner for the balance of retirement benefits due the petitioner for the duration of the petitioner's lifetime, at the petitioner's special instance and request. The amendments to Rockwell Retirement Plan 001 involving the sections to which the petitioner's complaints are directed were the December 23, 1977 and May 30, 1979 amendments to section 8.6(d) and the August 9, 1978 and October 27, 1978 amendments to section 4.12. Respondent conducted no independent examination of the underlying facts, and his January 25, 1980, determination did not address the operational aspects of plan 001. A copy of respondent's January 25, 1980, final determination letter for Rockwell Retirement Plan 001 was sent to petitioner on that date indicating that he could file a petition for a declaratory judgment in *81 this Court. Section 7476(b)(1) provides that a pleading may be filed only by a petitioner who is "an employee who has qualified under regulations prescribed by the Secretary as an interested party for purposes of pursuing administrative remedies within the Internal Revenue Service." Thus, the applicable Treasury regulations are legislative in character and have the force and effect of law unless they clearly violate the statutory provisions, exceed the authority delegated or are unreasonable and arbitrary in their application. Commissioner v. South Texas Co.,333 U.S. 496, 503 (1948). Section 1.7476-1(b)(1), Income Tax Regs., provides that "interested parties" with respect to an application for an advance determination as to the qualified status of a retirement plan must be "present employees" of the employer either eligible to participate in the plan or whose principal place of employment is the same as any eligible member of the plan. Section 1.7476-1(b)(3), Income Tax Regs., provides that if there is an outstanding favorable determination letter and the amendment does not alter the participation provisions, then subsection (1) does not apply, and all present *82 employees eligible to participate are interested parties. Section 1.7476-1(c)(1) provides that the time in which the status of an individual as an interested party is to be determined shall be determined by the applicant. It may not be earlier than five business days before the first date upon which notice is given to interested parties and may not be later than the date the notice is actually given. Here the notice was given on June 15, 1979. Petitioner retired from his employment with Rockwell on September 7, 1977. The application of the employer was submitted on June 29, 1979. Accordingly, petitioner was not a present employee at the time the notice was given on June 15, 1979. Therefore, he was not an "interested party" authorized to file a petition herein under section 7476(b)(1), and this Court lacks jurisdiction. The mere fact that petitioner was erroneously sent a copy of the final determination letter by respondent indicating that he could bring a declaratory judgment action does not give this Court jurisdiction. Our jurisdiction is statutory and cannot be enlarged by the actions of the parties. See Freedman v. Commissioner,71 T.C. 564 (1979). *83 Moreover, this Court does not have jurisdiction with respect to petitioner's specific allegations of error or to grant the relief he seeks. First, the specific allegations of error relate to alleged operational defects in the plan as applied to his particular situation, i.e., to obtain credit for service from age 25 through 34. Since respondent conducted no independent investigation of the facts and his determination did not address the operational aspects of Rockwell Retirement Plan 001, this Court lacks jurisdiction over petitioner's allegations. Thompson v. Commissioner,71 T.C. 32, 36-38 (1978). Second, we have no jurisdiction to grant a money judgment against respondent. Under section 7476 the Court is only empowered to make a determination with respect to a plan's initial or continuing qualification for favored tax treatment. If petitioner believes that he is not being paid the benefits to which he is entitled under the Rockwell plan, then any cause of action he may have should be brought in a state court of competent jurisdiction or a United States District Court because it appears that those courts would have exclusive jurisdiction of such cases. See *84 29 U.S.C., Sec. 1132. Accordingly, we conclude that respondent's motion to dismiss this case for lack of jurisdiction should be granted. An appropriate ordr will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect at the time the petition was filed herein, unless otherwise indicated.↩
2. Petitioner failed to file timely comments with respect to the plan amendment which was the subject of respondent's determination of December 16, 1977, and it was dismissed by this Court on January 10, 1979, for lack of jurisdiction. Paul C. Jones,↩ Docket No. 11398-78R.