116 T.C. No. 26

UNITED STATES TAX COURT

JAMES A. ROCHELLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18483-99.                    Filed May 24, 2001.

     R mailed to P a notice of deficiency which failed
to provide a date in the section entitled "Last Day to
File a Petition With the United States Tax Court"
(i.e., the petition date).  Although P received the
notice within several days of its mailing, P did not
file his petition with this Court until 56 days after
expiration of the 90-day period prescribed by sec.
6213(a), I.R.C.

     <u>Held</u>:  R's failure to provide the petition date in
accordance with sec. 3463(a) of the Internal Revenue
Service Restructuring and Reform Act of 1998, Pub. L.
105-206, 112 Stat. 685, 767, does not render the notice
of deficiency invalid.

     <u>Held</u>, <u>further</u>, P's petition is not rendered timely
by the operation of the last sentence of sec. 6213(a),
I.R.C.

Lawrence R. Jones, Jr., for petitioner.

Denise G. Dengler, for respondent.

OPINION

VASQUEZ, Judge:  Respondent determined the following deficiencies in Federal income tax and section 6662(a) accuracy-related penalties:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 1995 | $229,096 | $45,819 |
| 1996 | 34,549 | 6,910 |

This case is before the Court on the parties' cross-motions to dismiss for lack of jurisdiction.  Petitioner has moved for dismissal in his favor on the ground that respondent's notice of deficiency is invalid.  Respondent moves for dismissal in his favor on the ground that the petition in this case was not timely filed.  A hearing was held with respect to these motions on February 5, 2001.

Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Austin, Texas at the time the petition in this case was filed.  Petitioner is an attorney who performed legal services in the Dallas, Texas, area during the years at

issue.  The facts necessary to decide the motions are few, and they are based on the parties' stipulations.

On July 20, 1999, respondent sent petitioner a notice of deficiency via certified mail.[1]  The notice was sent to petitioner's last known address in Austin, Texas.  Although the exact date of delivery cannot be ascertained from the U.S Postal Service delivery receipt, the parties agree that petitioner received the notice of deficiency on or about July 23, 1999.

After the heading "Date" located in the upper right corner of the notice of deficiency appears a stamped date of July 20, 1999.  Also in the upper right corner of the notice of deficiency appears a heading entitled "Last Day to File a Petition With the United States Tax Court".  The space immediately following this heading is blank, and nowhere else within the notice does the Commissioner provide the specific calendar date on which petitioner can last timely file a petition with this Court.  The body of the notice of deficiency does, however, contain the following passage regarding the timing considerations for filing a petition with this Court:

> If you want to contest this deficiency in court before making any payment, you have 90 days from the above mailing date of this letter (150 days if addressed to you outside of the United States) to file a petition with the United States Tax Court for a

---

[1]  The notice of deficiency was also mailed to Tom Gilbert, a certified public accountant listed as petitioner's representative under a power of attorney.

redetermination of the deficiency. * * * The time in which you must file a petition with the Court (90 or 150 days as the case may be) is fixed by law and the Court cannot consider your case if your petition is filed late.

Petitioner mailed his petition to the Court on December 10, 1999, and the petition was received on December 13, 1999. The parties have stipulated that these dates are 143 and 146 days after the mailing of the notice of deficiency, respectively.

## Discussion

There are two prerequisites to this Court's jurisdiction to redetermine a deficiency: (1) The issuance of a valid notice of deficiency by the Commissioner; and (2) the timely filing of a petition with the Court by the taxpayer. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). The parties have each moved this Court to dismiss for lack of jurisdiction, albeit on different grounds. Petitioner moves to dismiss on the ground that the notice of deficiency issued by respondent is invalid. Respondent moves to dismiss on the ground that the petition filed in this case was untimely. If the notice of deficiency is found to be invalid, we must dismiss in petitioner's favor regardless of whether the taxpayer's petition was timely filed. See Weinroth v. Commissioner, 74 T.C. 430, 435 (1980). Accordingly, we shall first address the validity of respondent's notice.

A.   <u>Validity of Notice of Deficiency</u>

Petitioner contends that the notice of deficiency issued by respondent is invalid on account of its failure to specify the last possible date on which petitioner could file a timely petition with this Court (the petition date), as required by section 3463(a) of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, 112 Stat. 685, 767.[2]  Section 3463 of RRA 1998 provides in full as follows:

> (a)  In General.--The Secretary of the Treasury or the Secretary's delegate shall include on each notice of deficiency under section 6212 of the Internal Revenue Code of 1986 the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court.

> (b) Later Filing Deadlines Specified on Notice of Deficiency To Be Binding.--Subsection (a) of section 6213 (relating to restrictions applicable to deficiencies; petition to Tax Court) is amended by adding at the end the following new sentence:  "Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.".

> (c)  Effective Date.--Subsection (a) and the amendment made by subsection (b) shall apply to notices mailed after December 31, 1998.

---

[2]  Sec. 3463(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, 767, has not been incorporated as a provision of the Internal Revenue Code.  Nonetheless, this provision has the force of law.  See <u>Smith v. Commissioner</u>, 114 T.C. 489, 491 (2000); see also <u>United States Natl. Bank v. Independent Ins. Agents of Am., Inc.</u>, 508 U.S. 439, 448 (1993) (stating that an uncodified provision shall have the force of law as long as the provision is in the Statutes at Large).

Petitioner notes that the Commissioner's obligation to provide the petition date in the notice of deficiency is described in mandatory terms. Petitioner argues that respondent's failure to provide the petition date as required renders the notice invalid.

We recently addressed section 3463(a) of RRA 1998 in Smith v. Commissioner, 114 T.C. 489 (2000). The taxpayer in Smith received a notice of deficiency mailed after December 31, 1998, which failed to specify the last day for filing a timely Tax Court petition. The taxpayer therein nonetheless filed his petition within the 90-day period prescribed by section 6213(a). We rejected the taxpayer's argument that the notice of deficiency was rendered invalid by the Commissioner's failure to comply with section 3463(a) of RRA 1998. Instead, we held that where the Commissioner fails to provide the petition date on the notice of deficiency but the taxpayer nonetheless receives the notice and files a timely petition, the notice is valid. See id. at 492.

Unlike the taxpayer in Smith, petitioner did not file his petition within the 90-day period prescribed by section 6213(a). Petitioner therefore argues that our decision in Smith does not foreclose his argument that the notice of deficiency in this case is invalid. Despite the fact that petitioner filed his petition beyond the statutory period, we hold that the notice in this case is valid. We explain our reasoning below.

Section 6212(a) provides that if the Commissioner determines a deficiency in income tax, "he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." The purpose of this provision is to provide the taxpayer with actual notice of the deficiency in a timely manner, so that the taxpayer will have an opportunity to seek a redetermination of such deficiency in the prepayment forum offered by this Court. See Smith v. Commissioner, supra at 490-491; McKay v. Commissioner, 89 T.C. 1063, 1067 (1987), affd. 886 F.2d 1237 (9th Cir. 1989). In this case, the notice of deficiency was received by petitioner within days of its mailing. The statutory goal of providing the taxpayer with actual notice of the deficiency determination in a timely manner was therefore satisfied.

Although the notice of deficiency failed to provide the petition date, the notice was by no means devoid of information regarding the time frame in which petitioner had to file his Tax Court petition. The notice clearly stated that the petition had to be filed within 90 days of the mailing of the notice. In addition, the necessity of filing a timely petition was emphasized in underscored type.

Furthermore, petitioner was not prejudiced by the respondent's failure to specify the petition date in the notice. The legislative materials accompanying section 3463 of RRA 1998 reveal that Congress was concerned about taxpayers who, due to a

miscalculation of the filing period under section 6213(a), would

foreclose their ability to litigate their deficiencies on a

prepayment basis by filing their petitions late. Below is an

excerpt from the Senate Finance Committee report accompanying RRA

1998:

### Present Law

Taxpayers must file a petition with the Tax Court within 90 days after the deficiency notice is mailed (150 days if the person is outside the United States)(sec. 6213). If the petition is not filed within that time period, the Tax Court does not have jurisdiction to consider the petition.

### Reasons for Change

The Committee believes that taxpayers should receive assistance in determining the time period within which they must file a petition in the Tax Court and that taxpayers should be able to rely on the computation of that period by the IRS.

### Explanation of Provision

The provision requires the IRS to include on each deficiency notice the date determined by the IRS as the last day on which the taxpayer may file a petition with the Tax Court. The provision provides that a petition filed with the Tax Court by this date is treated as timely filed.

S. Rept. 105-174, at 90 (1998), 1998-3 C.B. 537, 626; see also H.

Rept. 105-364 (Part 1), at 71 (1998), 1998-3 C.B. 373, 443.

Petitioner does not claim that his failure to timely file his

petition was a product of a miscalculation of the filing period.

Indeed, given that his petition was filed 56 days late, we would

find any such claim implausible. Rather, petitioner points only

to respondent's technical noncompliance with section 3463(a) of RRA 1998 as a means of invalidating the deficiency notice.  As we noted in <u>Smith v. Commissioner</u>, <u>supra</u> at 492, Congress did not specify what consequences were to follow from the Commissioner's failure to provide the petition date in the notice of deficiency. We conclude that section 3463(a) of RRA 1998 does not require invalidating the notice under the present circumstances.

B.    <u>Timeliness of Petition</u>

Petitioner concedes that his petition was filed outside the filing period set forth in the first sentence of section 6213(a). Petitioner nonetheless contends that his petition is rendered timely by the operation of the last sentence of section 6213(a), added by section 3463(b) of RRA 1998.  As amended, section 6213(a) reads in pertinent part as follows:

> SEC. 6213(a).  Time for Filing Petition and Restriction on Assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.  Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * * <u>Any petition filed with the Tax Court on or before the last date specified for filing such petition by the</u>

Secretary in the notice of deficiency shall be treated
as timely filed.  [Emphasis added.]

In his petition and his objection to respondent's motion to
dismiss, petitioner argues that the last sentence of section
6213(a) requires that, where the Commissioner fails to provide
the petition date in the notice of deficiency, any petition filed
by the taxpayer will be treated as having been timely filed.[3]
Accordingly, petitioner contends that his petition is timely
under section 6213(a) despite the fact that it was filed 56 days
after expiration of the 90-day period prescribed by the first
sentence of that section.

Respondent does not address at length the merits of
petitioner's argument described above.  Rather, respondent simply
denies that the last sentence of section 6213(a) operates to
treat petitioner's petition as having been timely filed.
Implicit in respondent's denial is his contention that the last
sentence of section 6213(a) has no application in this case.

We begin our analysis with the actual text of the provision
in dispute.  The relief offered by the last sentence of section
6213(a) (that is, treating the petition as having been timely

---

[3]  Petitioner's argument, if accepted, would afford
taxpayers who receive a deficiency notice lacking the petition
date with an unlimited time period in which to timely file their
Tax Court petitions.  We note that the existence of an unlimited
filing period could produce uncertainty as to (a) the ability of
the Commissioner to assess the determined deficiency given the
restriction contained in the second sentence of sec. 6213(a), and
(b) the tolling of the period of limitations on assessment
provided by sec. 6503.

filed even where the petition is filed after expiration of the period prescribed by the first sentence of section 6213(a)) is predicated upon the filing of a petition "<u>on or before</u> the <u>last date specified</u> for filing such petition by the Secretary". (Emphasis added.)  The parties differ on what effect the absence of an actual "last date specified" has on petitioner's ability to satisfy the condition to relief.

Petitioner argues that where the petition date is not specified by the Commissioner in the notice of deficiency, the condition to relief under the last sentence of section 6213(a) is satisfied by the mere filing of a petition.  Petitioner appears to interpret the statute to provide that the petition is rendered timely because it was not filed after the last date specified in the deficiency notice.  This, however, is not how the statute reads.  The statute requires the petition to be filed on or before the last date specified in the notice of deficiency. Because the last date for filing a timely Tax Court petition was not specified by the deficiency notice in this case, the petition could not be filed on or before any such date.  A textual analysis of the last sentence of section 6213(a) therefore supports respondent's position that such provision does not apply in the present case.

Respondent's position finds further support in the legislative history behind the amendment to section 6213(a).

After noting the requirement that the Commissioner specify the petition date in the notice of deficiency, the Senate Finance Committee report explained that the taxpayer "should be able to rely on the computation of that period by the IRS."  S. Rept. 105-174, at 90 (1998), 1998-3 C.B. 537, 626; see also H. Rept. 105-364 (Part 1), at 71 (1998), 1998-3 C.B. 373, 443.  This passage indicates that the justification behind the addition of the last sentence of section 6213(a) was to protect those taxpayers who, absent some form of relief, would have detrimentally relied on the Commissioner's miscalculation of the petition date.

The theory of detrimental reliance assumes the actual provision of misleading information upon which a party could rely.  This case, however, does not involve the provision of misinformation.  Although petitioner appears to argue on brief that the failure to provide the petition date in the notice led him to believe that he did not have to file his petition within the 90-day period,[4] we find such argument implausible.  As discussed above, the notice of deficiency issued to petitioner clearly provided that his petition had to be filed within 90 days of the mailing of the notice, and it emphasized the consequence

---

[4] Petitioner's specific argument reads as follows: "Petitioner received the notice of deficiency, but did not file a Petition with the Tax Court within 90 days from the date of the notice of deficiency, since the notice of deficiency did not specify the last date on which Petitioner could file a Petition."

of not doing so.  We do not believe that a reasonable person, let alone one with petitioner's legal training, would interpret the mere absence of a stamped petition date following the heading "Last Date to File a Petition With the United States Tax Court" as the grant of an unlimited filing period, particularly given the express provisions to the contrary contained in the body of the notice.  Simply put, this is not a case of taxpayer prejudice which Congress intended to rectify through the addition of the last sentence of section 6213(a).[5]

In light of the text of the last sentence of section 6213(a) and its legislative history, we hold that such provision does not operate in the instant case to render petitioner's petition timely.

C.  Conclusion

The notice of deficiency issued by respondent is valid, and petitioner failed to file a timely petition with this Court. Accordingly, petitioner's motion to dismiss for lack of jurisdiction will be denied, and respondent's motion to dismiss for lack of jurisdiction will be granted.

---

[5]  We do not address in this opinion the situation in which a taxpayer receives a deficiency notice omitting the petition date and files his petition just after expiration of the filing period set forth in the first sentence of sec. 6213(a) due to the taxpayer's miscalculation thereof.

- 14 -

To reflect the foregoing,

> An appropriate order denying
> petitioner's motion to dismiss for
> lack of jurisdiction and granting
> respondent's motion to dismiss for
> lack of jurisdiction will be
> entered.

Reviewed by the Court.

WELLS, COHEN, GERBER, RUWE, WHALEN, HALPERN, BEGHE, LARO, and THORNTON, JJ., agree with this majority opinion.

BEGHE, J., concurring:  My impression is that it was due to mere inadvertence, a ministerial omission, that respondent's employees charged with the responsibilities of preparing and sending the notice of deficiency failed to stamp the date for filing the petition at the appropriate space provided on the notice form; it was not with the intention of flouting the expressed will of Congress.  After all, the Commissioner has redesigned the statutory notice form so that it provides a space for stamping the date by which the petition must be filed; the vast majority of the statutory notices that are issued bear the requisite date stamp, and nothing we say or do in the majority opinion encourages the Commissioner to be less than diligent in his continuing efforts to achieve 100-percent compliance with the Congressional mandate.

It's also my impression, consistent with the majority's inference that there was no detrimental reliance or confusion on petitioner's part, that he decided to file the petition more than 90 days after issuance of the notice with a view to testing its validity.  Since petitioner, a member of the bar, chose not to testify in the hearing on the cross-motions, I'm comfortable in making this inference.  See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. on other grounds 162 F.2d 513 (10th Cir. 1947).

I agree with the majority and Judges Foley and Swift that the statute, despite its imperative mood and lack of a savings

provision like the second sentence of section 7522(a), doesn't require us to invalidate the notice.  To invalidate the notice would impose a disproportionately severe sanction against the fisc.  Any impression created by the Commissioner's occasional mistake, evidenced by this case, and by Smith v. Commissioner, 114 T.C. 489 (2000) (upholding validity of similar notice where taxpayer filed petition within 90-day period specified by section 6213(a)), that the Commissioner is flouting the expressed will of Congress, is belied by the revised format of the notice form and the directions and instructions in the Internal Revenue Manual.[1]

Having expressed agreement with the majority's upholding of the notice, what should we do with the petition, in the absence of any argument of detrimental reliance or any evidence of petitioner's confusion?  The Court's response to a somewhat analogous situation in Shea v. Commissioner, 112 T.C. 183, 207 (1999), at least raises the question whether some sanction against respondent or relief to petitioner would be appropriate.

I join the majority in answering the question in the negative in this case.  Because petitioner has failed to dispel

---

[1] See, e.g., 2 Audit, Internal Revenue Manual (CCH), sec. 4.3.19.1.8.2, at 7712 (statutory notice letter must include the last day taxpayer can file petition with Tax Court); 2 Audit, Internal Revenue Manual (CCH), Exhibit 4.3.19.1-2, at 7748 (form of deficiency notice cover letter, as revised in 1999, includes heading "Last Day to File a Petition With the United States Tax Court:"); 2 Audit, Internal Revenue Manual (CCH), sec. 4.3.19.1.6.3, at 7709 (issuer of deficiency notice must enter "Last Day to File" date in the form letter).

the impression that the late filing of his petition was a product of his conscious resolve to test the validity of the notice, or even to allege that he was confused by the notice, I don't believe he's entitled to a ticket of admission to the Tax Court. I'm therefore comfortable in making our usual comment that he's not without a remedy--he can pay the deficiency, and claim and sue for a refund, see, e.g., Zimmerman v. Commissioner, 105 T.C. 220, 226 n. 4 (1995) (citing McCormick v. Commissioner, 55 T.C. 138, 142 (1970)). In any event, attorneys, who are professionally charged with the responsibility generally of counting days for statute of limitations purposes--not just in tax cases--should be held to a higher standard than other pro se petitioners. Cf. Rendina v. Commissioner, T.C. Memo. 1996-392; Sisson v. Commissioner, T.C. Memo. 1994-545; deRochemont v. Commissioner, T.C. Memo. 1991-600, citing Whitaker v. Commissioner, T.C. Memo. 1988-418 (citing Fihe v. Commissioner, 265 F.2d 511, 513 (9th Cir. 1958), affg. a Memorandum Opinion of this Court)).

All this leaves for another day the question of what to do with the case of a late filing pro se lay petitioner, who might be suffering from cognitive deficit, dyscalculia, or other disability. The resulting residual uncertainty about what we would do in such a case should help to stiffen the Commissioner's resolve to achieve 100-percent compliance in the future.

CHABOT, J. dissenting: The Congress decided that, if the Commissioner sent a notice of deficiency to a taxpayer, then the taxpayer should have help in determining the last date for petitioning this Court. The Congress decided to charge the Commissioner with the task of providing this help. The Congress decided to effectuate the foregoing by enacting that the Commissioner "shall include on each notice of deficiency" (emphasis added) the last date for petitioning this Court. Sec. 3463(a) of the 1998 Act.

The majority's opinion may be read to permit, or perhaps even encourage, the Commissioner to ignore the obligation of the statute, with no consequences except (1) where the taxpayer was misled and detrimentally relied on the misleading interpretation, or (2) perhaps where the taxpayer filed the "petition just after the expiration of the [statutory] filing period".

From the foregoing, I dissent.

## I. "Shall"

When used in a statute, the word "shall" is ordinarily a word of command. See Escoe v. Zerbst, 295 U.S. 490, 493 (1935) (citing Richbourg Motor Co. v. United States, 281 U.S. 528, 534 (1930)); United States v. Wood, 295 F.2d 772, 783 (5th Cir. 1961); Estate of La Sala v. Commissioner, 71 T.C. 752, 762-763 (1979).

Neither the context of the statutory provision nor its legislative history indicates that, in section 3463(a) of the

1998 Act, the word "shall" was intended to be directory rather than mandatory. Indeed, the full text of section 3463 of the 1998 Act (set forth supra in the majority's opinion p. 5) shows that "shall" appears in each subsection of section 3463 of the 1998 Act; thus far it has not been seriously suggested that "shall" is other than mandatory as it appears in subsections (b) and (c). Giving "shall" the same meaning in each of the three places it appears in section 3463 of the 1998 Act, I conclude that the Congress' choice of that word in subsection (a) mandates the Commissioner to state on the notice of deficiency what is the last date for petitioning this Court. See United States v. Olympic Radio & Television, 349 U.S. 232, 236 (1955);[1] Estate of Owen v. Commissioner, 104 T.C. 498, 507-508 (1995) (and cases cited therein); Office of the Legislative Counsel, U.S. House of Representatives, Style Manual, Drafting Suggestions for the

---

[1]In United States v. Olympic Radio & Television, 349 U.S. 232, 236 (1955), the Supreme Court instructed as follows:

It may be that Congress granted less than some thought or less than was originally intended. We can only take the Code as we find it and give it as great an internal symmetry and consistency as its words permit. We would not be faithful to the statutory scheme, as revealed by the words employed, if we gave "paid or accrued" a different meaning for the purposes of section 122(d)(6) [I.R.C. 1939] than it has in the other parts of the same chapter.

To the same effect see Commissioner v. Keystone Consol. Industries, Inc., 508 U.S. 152, 159 (1993).

Trained Drafter, at 3 (1989).[2]

I would hold that section 3463(a) of the 1998 Act requires the Commissioner to state on the notice of deficiency what is the last date for petitioning this Court; and that the statutory language is not merely directory, that "shall" is not here the functional equivalent of "may".

## II.  "Each"

Section 3463(a)of the 1998 Act requires the Commissioner to state this information on "each notice of deficiency".

As the majority's opinion notes, the Congress concluded that some taxpayers need assistance in determining the deadline for filing a timely petition.  However, the enacted statutory language and legislative history do not indicate that the Commissioner is obligated to provide the required assistance only to those who need it, or who might reasonably be expected to need it.  Rather, the Congress imposed the statutory obligation with

---

[2]The House Legislative Counsel's Office's style manual instructs legislative drafters as follows:

> (4) Use same word over and over.--If you have found the right word, don't be afraid to use it again and again.  In other words, don't show your pedantry by an ostentatious parade of synonyms.  Your English teacher may be disappointed, but the courts and others who are straining to find your meaning will bless you.

> (5) Avoid utraquistic subterfuges.--Do not use the same word in 2 different ways in the same draft (unless you give the reader clear warning).

respect to each notice of deficiency.

It is not at all unusual for the Congress to act more broadly than the confines of the problem described in the legislative history; the Congress has done so in many different areas of the tax law. See, e.g., <u>Bartels Trust for Ben. of Univ. v. United States</u>, 209 F.3d 147, 153-154 (2d Cir. 2000) (relating to charities' unrelated trade or business income); <u>Corn Belt Tel. Co. v. United States</u>, 633 F.2d 114, 117-118 (8th Cir. 1980) (relating to the definition of "public utility property" for investment credit purposes); <u>Warrensburg Board & Paper Corp. v. Commissioner</u>, 77 T.C. 1107, 1110-1111 (1981) (relating to subchapter S corporations'"one-shot" elections); <u>Estate of Beal v. Commissioner</u>, 47 T.C. 269, 271-272 (1966) (relating to includability of the value of certain annuities in decedents' estates). Where the Congress has chosen to so legislate, the courts do not confine the statute to the original problem, but rather apply the statute to the wider net that the Congress has cast.

The legislative history does not explain why the Congress chose to use statutory language that is broader than the problem it sought to address. However, it is plain that the Congress required the Commissioner to provide assistance on each notice of deficiency, and not merely where the assistance was, or might be,

needed. We may speculate that the Congress so acted in order to simplify the Commissioner's obligations, by not requiring the Commissioner to make case-by-case determinations. It is possible, of course, that the Congress decided to avoid case-by-case determinations on the part of the Commissioner, and yet require or permit the Court to make such determinations. This seems to be contemplated in the majority's opinion, see supra p. 13 note 5, and is stated in Judge Swift's dissent, see infra p. 28 . However, I do not find evidence of such a distinction in either the statute or the legislative history.

In any event, it is clear that the Congress required the Commissioner to provide the filing date deadline information on each notice of deficiency, a rule broader than the problem that gave rise to Congress' concern.

### III. The Shotgun Behind the Door

In section 3463 of the 1998 Act, the Congress imposed an obligation on the Commissioner. The Congress contemplated that the Commissioner might err in carrying out this obligation, by putting the wrong filing deadline date on the notice of deficiency. Accordingly, in section 3463 of the 1998 Act, the Congress provided a consequence for such an error; the Commissioner is not allowed to "sandbag"[3] the taxpayer, even

---

[3]See, e.g., Barkins v. International Inns, Inc., 825 F.2d 905, 907 (5th Cir. 1987) ("waiting until the expiration of the
(continued...)

inadvertently, by putting a date on the notice of deficiency that is after the last date for filing a timely petition. The Congress accomplished this in section 3463(b) of the 1998 Act by providing that a petition will be timely if it is filed by the date that the Commissioner set forth on the notice of deficiency. Consistent with the approach in section 3463(a) of the 1998 Act, the taxpayer's right to the subsection (b) relief is not affected by whether the taxpayer was in fact misled by the Commissioner's incorrect advice.

Thus, the Congress specifically provided a consequence to the Commissioner's failure to comply correctly. But, the majority in the instant case hold, there is not any consequence to the Commissioner's failure to comply at all. Not only is there not any consequence provided for in section 3463 of the 1998 Act under the majority's holdings, but there is not a shotgun behind the door.[4] The effect of the majority's holding is to make section 3463(a) of the 1998 Act into mere surplusage. Section 3463(b) of the 1998 Act presumably would continue to operate in those instances where the Commissioner chose to specify in the notice of deficiency a cutoff date for filing a

---

[3](...continued) limitations period to point out an error recognizable well before").

[4]See Silver v. New York Stock Exchange, 373 U.S. 341, 352 (1963).

petition; subsection (c) would continue to provide an effective date; but under the majority's holdings, subsection (a) would not have effect.

The majority's construction "offends the well-settled rule of statutory construction that all parts of a statute, if at all possible, are to be given effect." Weinberger v. Hynson, Westcott & Dunning, 412 U.S. 609, 633 (1973); see Fort Stewart Schools v. F.L.R.A., 860 F.2d 396, 403 (11th Cir. 1988), affd. 495 U.S. 641 (1990); Beisler v. Commissioner, 814 F.2d 1304, 1307 (9th Cir. 1987), affg. T.C. Memo. 1985-25.

We can interpret the statute so as to make it "work", and we can do so without arrogating to this Court the authority to make line-drawing decisions that normally are regarded as being within the province of the Congress.

Section 3463(a) of the 1998 Act directs the Commissioner to include certain information "on each notice of deficiency under section 6212 of the Internal Revenue Code of 1986". Respectfully, I would interpret this Congressional command as an instruction that the Commissioner must comply with in order to have a valid notice of deficiency. It is simple for the Commissioner to comply with this Congressional command. It is simple for a reviewing court (ordinarily, this Court) to determine whether this congressional command has been complied

with in any specific instance.[5]  The power to determine the validity of a notice of deficiency is one that clearly is within this Court's arsenal of powers.  The exercise of this power does not draw us into the uncertainties of limitations periods and restrictions on assessments that may well result from other proposals.

Although invalidation of the notice of deficiency may provide a windfall to some taxpayers, such windfalls are wholly within the power, and it may be, the technology, of the Commissioner to eliminate entirely.

Invalidating the notice of deficiency under these circumstances may be regarded as legislating, but--

> We often must legislate interstitially to iron out inconsistencies within a statute or to fill gaps resulting from legislative oversight or to resolve ambiguities resulting from a legislative compromise.  [U.S. Bulk Carriers v. Arguelles, 400 U.S. 351, 354 (1971); fn. ref. omitted.]

Invalidating the notice of deficiency is consistent with the statutory scheme; it will put the shotgun back behind the door.

We have on other occasions refrained from such interstitial legislation and left the statute with meaningless provisions.

---

[5]Sec. 7522(a) provides that notices of deficiency and other specified documents must include descriptions of the bases for certain matters.  The adequacy of any such description may fairly be open to dispute.  The statute provides that "An inadequate description * * * shall not invalidate such notice."  This contrasts sharply with the requirement of sec. 3463(a) of the 1998 Act, where proper compliance ordinarily is not open to dispute.

But we have done so only reluctantly, and after making substantial efforts to give effect to all the statutory language; and we have acknowledged when our efforts failed.  See, e.g., Adams v. Commissioner, 70 T.C. 373 (1978), 70 T.C. 446 (1978), 72 T.C. 81 (1979), affd. without published opinion 688 F.2d 815 (2d Cir. 1982).[6]  In that instance, our continuing respectful dialogue with the Congress resulted in the enactment of Public Law 96-596, 94 Stat. 3469, enacted in 1980 (even before Adams was affirmed), which revised the law to resolve the problems we had struggled with.

The majority's holdings in the instant case make part of the statute meaningless.  There is a way to give effect to the entire

---

[6]In Adams v. Commissioner, 72 T.C. 81, 92 n.16 (1979), we stated as follows:

It was not without considerable deliberation and thought that our decision herein was reached.  We can certainly appreciate Congress' desire to eliminate the potential for abuse inherent in dealings with tax-exempt organizations.  Also, we are not unaware of the difficulty in drafting legislation which will equitably dispose of a variety of factual settings.  Regrettably, however, when considering all the potentially viable alternatives available to assist us in implementing the statute, we were consistently confronted with another statute or well-established rule of law which prevented our reaching a satisfactory resolution of the problems discussed herein.

statute, and to do so within our normal range of powers and in a way that is not likely to lead us into difficult interpretative and practical problems.  The majority reject that approach.

Respectfully, I dissent.

GALE and MARVEL, <u>JJ</u>., agree with this dissenting opinion.

SWIFT, <u>J</u>., dissenting:  I generally agree with the analysis set forth in Judge Foley's dissent and with his suggested conclusion that the petition herein be treated as timely.

In this case, however, I would not conclude, as a matter of law, that respondent's failure to provide in the notice of deficiency the specific due date for filing a Tax Court petition automatically provides the taxpayer an unlimited period of time to do so.  Respondent's failure to provide the due date should extend the deadline for the filing of a Tax Court petition for a reasonable period of time based on the facts and circumstances of each case and based on the intent and conduct of the taxpayer.

In the current case there is no evidence of intentional mischief by petitioner, and -- in the realities of the business world -- 56 days (including weekends and holidays), particularly in the absence of a due date provided by respondent, is but a blink.  Herein, I would conclude that the petition is timely.

FOLEY, J., dissenting:  In section 3463(a) of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, 112 Stat. 685, 767, Congress provided:  "The Secretary of the Treasury or the Secretary's delegate shall include on each notice of deficiency * * * the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court."  Congress further provided that the date determined by the Internal Revenue Service (IRS) would establish the deadline for filing a petition with this Court.  Section 3463(b) of RRA 1998 amends section 6213(a) by adding the following thereto:  "Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed."  The majority concludes that "Because the last date for filing a timely Tax Court petition was not specified by the deficiency notice in this case, the petition could not be filed on or before any such date", majority op. p. 11, and that "the last sentence of section 6213(a) * * * does not operate in the present case", majority op. p. 13.  I disagree.

The plain language of the statute provides that the IRS must determine a date; this date may establish a deadline that is later than the statutorily prescribed 90-day period; and petitions filed on or before the deadline established by the IRS shall be treated as timely filed.  Respondent's failure to

provide any specified date is tantamount to providing that there is no deadline.  Accordingly, the petition is timely.

The majority asserts that "Respondent's position finds further support in the legislative history".  Majority op. p. 11. Again, I disagree.  Assuming arguendo that the statute is not clear on its face, the legislative history, on the contrary, bolsters petitioner's contention.  In setting forth the rationale for the amendment to section 6213(a), the Senate Finance Committee report (report) states:  "The Committee believes that taxpayers should receive assistance in determining the time period within which they must file a petition in the Tax Court and that taxpayers should be able to rely on the computation of that period by the IRS."  S. Rept. 105-174, at 90 (1998), 1998-3 C.B. 537, 626 (emphasis added).  Focusing on the statement that "taxpayers should be able to rely on the computation of that period by the IRS", the majority emphasizes that petitioner did not contend that he detrimentally relied on the information in the notice and that the theory of detrimental reliance is not applicable in this case because no misleading information was provided.  I agree that the theory of detrimental reliance is not applicable.  Neither the statute nor the legislative history imposes such a requirement.  While the report provides that "taxpayers should be able to rely on the computation of that

period by the IRS", the report does not require a taxpayer to establish detrimental reliance.

Moreover, I believe the IRS provided misleading information to petitioner. While the text of the notice states that "you have 90 days from the above mailing date of this letter * * * to file a petition", the space in the upper right corner of the notice, entitled "Last Day to File a Petition With the United States Tax Court", is blank. This notice is more confusing than notices issued under prior law and creates the type of confusion that Congress intended to remedy.

The IRS made a mistake and did not follow the congressional mandate, and, as a result, the petition should, pursuant to section 6213(a), be treated as timely filed. The majority's holding is contrary to the statute and legislative history. In essence, it allows the IRS to circumvent the congressional mandate. That is an unreasonable interpretation of the statute. Accordingly, I respectfully dissent.

COLVIN, J., agrees with this dissenting opinion.