DANIEL F. SLATTERY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Slattery v. Commissioner
Docket No. 14638-94
United States Tax Court
T.C. Memo 1995-274; 1995 Tax Ct. Memo LEXIS 284; 69 T.C.M. (CCH) 2953; June 20, 1995, Filed *284 Respondent's motion will be granted and an order dismissing this case for lack of jurisdiction will be entered on the ground that the petition was not timely filed. Daniel F. Slattery, pro se. For respondent: T. Elizabeth Stetson. DAWSON, NAMEROFF DAWSON; NAMEROFF
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b)(4) [1] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: Respondent determined a deficiency in petitioner's 1989 Federal income tax in the amount of $ 17,279.59, plus an addition to tax under section 6651(a)(1) in the amount of $ 3,355.39 and an accuracy-related penalty under section 6662(a) in the amount of $ 3,455.91. Petitioner resided in Anaheim *285 Hills, California at the time the petition was filed. This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was untimely filed. The notice of deficiency for the taxable year 1989 was mailed to petitioner at 5807 Trapper Trail, Anaheim, California 92807-4708 (the Trapper Trail address) on May 11, 1994. The 90-day period for timely filing a petition with this Court expired on Tuesday, August 9, 1994. That date was not a legal holiday in the District of Columbia. The petition was filed on August 15, 1994, 96 days after the notice of deficiency was mailed. The envelope containing the petition bears a U.S. postmark dated August 10, 1994, 91 days after the notice of deficiency was mailed. Subsequent to the filing of respondent's motion to dismiss for lack of jurisdiction, petitioner filed an objection contending that the notice of deficiency had been rescinded, or that the notice of deficiency had not been sent to petitioner's last known address. Moreover, in his objection, petitioner contends that the case should be dismissed because the notice of deficiency was invalid since respondent failed to make a determination, *286 or, in the alternative, that the determination was arbitrary and erroneous. After respondent filed a response to petitioner's objection, petitioner filed a further reply to respondent's response. The matter was called for a hearing on February 6, 1995, at which time the testimony of petitioner's financial adviser, Robert A. Gruntz was taken, and petitioner filed a statement of his position under Rule 50(c). In addition to restating the grounds set forth in petitioner's objection, the Rule 50(c) statement also claimed that respondent was estopped from asserting the claim of lack of jurisdiction and that the statutory period for filing the petition herein, i.e., the 90-day period, was extended by virtue of the provisions of section 6503(g). Background
Petitioner's difficulties regarding taxable year 1989 commenced February 4, 1993, when petitioner received a letter indicating that his 1989 return would be audited in connection with the alternative minimum tax. Prior thereto, petitioner had been involved in an examination of the 1988 tax year and had submitted a power of attorney dated March 11, 1991, which covered the years 1987 through 1990 and named Mr. Gruntz as his representative. *287 Subsequently, Mr. Gruntz wrote to Daniel Leistner in respondent's Fresno office audit group indicating reasons why petitioner was not liable for any deficiency. Apparently, petitioner's case then was transferred to an audit group in Santa Ana, California, under the management of Debbie Cortez. On January 24, 1994, Mr. Gruntz wrote a letter to Ms. Cortez reiterating why petitioner was not liable for the 1989 deficiency. In particular, Mr. Gruntz was attempting to convince Mr. Leistner and Ms. Cortez that the audit of the 1988 year resulted in a net operating loss, which had been handled in Ms. Cortez's group and which, if carried forward to 1989, would eliminate any potential deficiency. [2] Notwithstanding all of these communications, as indicated above, respondent mailed the notice of deficiency for 1989 to petitioner on May 11, 1994. *288 Although petitioner resided at the Pathfinder address, the notice of deficiency was sent to the Trapper Trail address. Petitioner acknowledged receiving the notice of deficiency several weeks after May 11, 1994, and promptly communicated that fact to Mr. Gruntz. Thereafter, on July 1, 1994, Mr. Gruntz wrote to an individual in respondent's employ known only as Jeff, requesting that the notice of deficiency be rescinded. Mr. Gruntz testified to several conversations subsequent thereto with either Ms. Cortez or Jeff in which he, Mr. Gruntz, was led to believe that respondent was going to rescind the notice of deficiency. However, neither Mr. Gruntz nor petitioner ever received from respondent a form for signature in connection with any rescission of the 1989 notice of deficiency. Discussion
This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); see Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Under the "safe harbor" provision of section 6212(b)(1), a *289 notice of deficiency will be deemed valid, regardless of whether it was received by the taxpayer, if the notice is mailed to the taxpayer's last known address. Frieling v. Commissioner, 81 T.C. 42, 52 (1983). However, an erroneously addressed notice of deficiency is nevertheless valid from the date of its mailing if the taxpayer actually receives it with sufficient time to prepare and timely file a petition. Mulvania v. Commissioner, 81 T.C. 65, 68 (1983) (erroneously addressed notice held valid in light of actual receipt by the taxpayer 16 days after the notice was mailed), affd. 769 F.2d 1376 (9th Cir. 1985); Looper v. Commissioner, 73 T.C. 690, 697 (1980). Assuming that a valid notice of deficiency has been issued, the taxpayer, in turn, has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for redetermination of the deficiency. Sec. 6213(a). Failure to file a petition within the prescribed period prevents this Court from having jurisdiction. Rule 13(c); see Normac, Inc. and Normac International Ltd. v. Commissioner *290 , supra.
Finally, it is well established that this Court has no authority to extend the 90-day filing period, as applicable herein, for any reason, whatever the equities of a particular case may be. Axe v. Commissioner, 58 T.C. 256, 259 (1972). With these principles in mind, we can first dispose of petitioner's contention that the notice of deficiency was invalid because it was not mailed to his last known address. It is irrelevant whether the Trapper Trail address or the Pathfinder address was petitioner's last known address on the date the notice of deficiency was mailed. Suffice it to say that petitioner acknowledged that he received the notice of deficiency several weeks after it was mailed and sent a copy of it to Mr. Gruntz. This is further evidenced by the fact that Mr. Gruntz wrote to Jeff on July 1, 1994, requesting rescission of the notice of deficiency, nearly 6 weeks before the expiration of the 90-day period for timely filing a petition with this Court. Clearly, the delay caused by mailing the notice of deficiency to an alleged improper address did not prevent petitioner from filing a timely petition with this Court. We note that *291 the petition was mailed only 1 day late. We hold that the notice of deficiency is valid. Mulvania v. Commissioner, supra.
Nor is there any reason to conclude that respondent failed to make a proper determination, thereby rendering the notice of deficiency invalid. The Court of Appeals for the Ninth Circuit has held that a notice of deficiency is invalid where it is clear from its face that the Commissioner failed to make a determination. Scar v. Commissioner, 814 F.2d 1363, 1370 (9th Cir. 1987), revg. 81 T.C. 855 (1983). In Scar, the notice of deficiency reflected an adjustment to a partnership interest which the taxpayers did not own and which was not shown on the taxpayers' return. Moreover, the notice of deficiency in Scar reflected on its face that the Commissioner had failed to obtain a copy of the taxpayers' return. [3] Accordingly, Scar is distinguishable from the instant case. *292 Petitioner relies on Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part, revg. and remanding in part T.C. Memo. 1990-68 to support his contention that respondent failed to make a proper determination. However, Portillo did not hold that the Commissioner clearly indicated in the notice of deficiency the failure to make a determination. To the contrary, the court in Portillo held that the notice of deficiency was valid and the Tax Court had jurisdiction, but the Tax Court's decision on the unreported income issue should be reversed on other grounds. In this case it is clear that respondent was dealing with petitioner's 1989 return. Specifically, there had been communication between the respondent and petitioner's representative with regard to that return, and the notice of deficiency specifically deals with adjustments to that return. There is no language in the notice of deficiency from which it can be concluded that respondent failed to make a determination. The fact that the determination in the notice of deficiency may ultimately be held to be erroneous does not invalidate the notice of *293 deficiency. We now turn to the question of whether the notice of deficiency was rescinded. Section 6212(d) provides that the Secretary may, with the consent of the taxpayer, rescind any notice of deficiency mailed to the taxpayer. Clearly, the statute requires mutual consent by the Secretary and the taxpayer to effect a rescission of a notice of deficiency. [4] We know of no authority deeming a notice of deficiency rescinded in absence of a formal rescission. While the facts presented herein may suggest that respondent considered a rescission, she did not consent to a rescission. Returning a case file from the 90-day section of respondent's office to the examination division for purposes of a conference is not tantamount to a rescission, even though the conference, due to miscommunication, was eventually scheduled for a date subsequent to the running of the 90-day period. Accordingly, we conclude that the notice of deficiency involved herein was not rescinded pursuant to section 6212(d). *294 Moreover, there is no authority to estop respondent from claiming that the petition was untimely filed. Jurisdiction of this Court is a statutory matter, and the parties cannot confer jurisdiction upon this Court by agreement, actions, or inactions if jurisdiction does not exist. A party cannot be estopped from claiming this Court does not have jurisdiction, for this Court is entitled to determine on its own whether it has jurisdiction. Finally, we consider petitioner's contention with respect to section 6503(g), which, according to petitioner, extends the 90-day period for filing a petition with this Court. Section 6503(g) provides: SEC. 6503(g). Suspension Pending Correction. -- The running of the periods of limitations provided in sections 6501 and 6502 on the making of assessments or the collection by levy or a proceeding in court in respect of any tax imposed by chapter 42 or section 507, 4971, or 4975 shall be suspended for any period described in section 507(g)(2) or during which the Secretary has extended the time for making correction under section 4963(e).
By its terms, section 6503(g) pertains only to section 6501 (the general statute of limitations on assessment *295 and collection of tax) and section 6502 (the general statute of limitations on collection of tax after assessment). Section 6503(g) has no bearing whatsoever on section 6213, which provides the rules for the timely filing of a petition in this Court. Therefore, we conclude that we lack jurisdiction because the petition was untimely filed. Although petitioner has lost his right to contest his tax liability for 1989 in this Court, he is still entitled to a judicial resolution by following the refund procedure and pursuing this matter, if necessary, in Federal District Court or the Court of Federal Claims. To reflect the above, Respondent's motion will be granted and an order dismissing this case for lack of jurisdiction will be entered on the ground that the petition was not timely filed. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. It is noted that attached to the Jan. 24, 1994, letter was a copy of a business card which indicated an address for petitioner at 656 S. Pathfinder Trail, Anaheim, CA 92807 (the Pathfinder address), as well as a copy of an American Express gold card account summary for petitioner reflecting an address of P.O. Box 727 Corona, CA 92718, and a copy of petitioner's Form 1040X for 1988 reflecting the Trapper Trail address for petitioner.↩
3. The Scar notice of deficiency contained the following language: "'In order to protect the government's interest and since your original income tax return is unavailable at this time, the income tax is being assessed at the maximum rate of 70%. The tax assessment will be corrected when we receive the original return or when you send a copy of the return to us.'" Scar v. Commissioner, 814 F.2d 1363, 1365 (9th Cir. 1987), revg. 81 T.C. 855↩ (1983).
4. The Internal Revenue Service has provided guidance to taxpayers wishing to consent to the rescission of a notice of deficiency. See Rev. Proc. 88-17, 1988-1 C.B. 692↩. This revenue procedure requires the taxpayer to request Form 8626, Agreement to Rescind Notice of Deficiency, which becomes effective when executed on behalf of the Commissioner.