114 T.C. No. 29


UNITED STATES TAX COURT


ERIC E. AND DOROTHY M. SMITH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10571-99.                    Filed June 8, 2000.


R sent to Ps a notice of deficiency but failed to stamp a date in the section entitled "Last Day to File a Petition With the United States Tax Court" (i.e., the petition date). Ps received the notice prior to the expiration of the period of limitations of sec. 6501, I.R.C., and Ps filed a petition with this Court within the time prescribed in sec. 6213(a), I.R.C.

<u>Held</u>: Where R failed to put the petition date on the notice, as required by sec. 3463(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, 767, and Ps nevertheless received the notice and filed a petition in a timely manner, such notice was sufficient to toll the period of limitations.


<u>William Robert Lambert</u>, for petitioners.

<u>James E. Gehres</u> and <u>Mary Tseng Klaasen</u>, for respondent.

OPINION

FOLEY, <u>Judge</u>:  Respondent determined a deficiency of $18,222 and a section 6662(a) penalty of $3,644 relating to petitioners' 1995 Federal income tax.  The parties submitted this case fully stipulated pursuant to Rule 122.  Unless otherwise indicated, all section references are to the Internal Revenue Code (I.R.C.) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  After concessions, the issue is whether the notice of deficiency is valid.

<u>Background</u>

In April 1996, petitioners filed their 1995 return.  On March 5, 1999, respondent sent to petitioners by certified mail, a notice of deficiency relating to 1995.  Petitioners received the notice in the middle of that month.  On April 29, 1999, petitioners' counsel informed the Internal Revenue Service (IRS), by telephone, that the letter did not include a date in the section of the letter entitled "Last Day to File a Petition With the United States Tax Court" (the petition date).  Respondent also failed to stamp a date in the section of the letter entitled "Letter Date".  On May 4, 1999, petitioners' counsel received a letter dated April 30, 1999, in which the IRS 90 Day Coordinator wrote that "it appears the clerk failed to stamp the notice mailed to your client."  Accompanying this letter was a copy of

the notice with "March 5, 1999" stamped as the "Letter Date", and "June 3, 1999" stamped as the petition date. On June 3, 1999, petitioners, then residents of Aurora, Colorado, mailed their petition, which was filed by the Court on June 9, 1999.

## Discussion

Section 6212(a) provides that if the Commissioner determines a deficiency in income tax, "he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." Section 6213(a) provides that a taxpayer has 90 days after the mailing of the notice to file his petition for redetermination of the deficiency with the Tax Court. These provisions were designed to afford a taxpayer notice of the Commissioner's determination and an opportunity to litigate the validity of such determination in this Court without first paying the deficiency. See McKay v. Commissioner, 89 T.C. 1063, 1067 (1987), affd. 886 F.2d 1237 (9th Cir. 1989).

The Internal Revenue Service Restructuring and Reform Act of 1998 (Act), Pub. L. 105-206, sec. 3463(a), 112 Stat. 685, 767 provides:

> The Secretary of the Treasury or the Secretary's delegate shall include on each notice of deficiency under section 6212 of the Internal Revenue Code of 1986 the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court.

While section 3463(a) of the Act does not amend section 6212, or any other provision of the I.R.C., this section of the Act applies to notices mailed after December 31, 1998, and has the force of law.  See United States Natl. Bank v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 448 (1993)(stating that an uncodified provision shall have the force of law as long as the provision is in the Statutes at Large).

Petitioners contend that the failure to include the petition date, pursuant to section 3463(a) of the Act, rendered the notice invalid.  Thus, they contend that the section 6501 period of limitations was not tolled, and as a result, they are not liable for the deficiency or penalty.  Respondent contends that the omission of the petition date was a "technical but harmless violation" of the Act and the notice was valid because petitioners received it without prejudicial delay.  Respondent further contends that the notice, pursuant to section 7522(a), is not invalid.  Section 7522 applies to notices of deficiency described in section 6212, and provides:

> Any notice to which this section applies shall describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice.  An inadequate description under the preceding sentence shall not invalidate such notice. [Emphasis added.]

While we agree with respondent's conclusion, we reject his contention relating to section 7522.  The petition date is not mentioned in section 7522, and, thus, this section is not determinative.

The Court of Appeals for the Tenth Circuit, to which an appeal would lie, has stated that a "'notice of deficiency that is actually received without delay prejudicial to the taxpayer's ability to petition the Tax Court is sufficient to toll the statute of limitations as of the date of mailing.'"  Scheidt v. Commissioner, 967 F.2d 1448, 1450-1451 (10th Cir. 1992)(quoting Borgman v. Commissioner, 888 F.2d 916, 918 (1st Cir. 1989), affg. T.C. Memo 1984-503), affg. T.C. Memo. 1985-235; see secs. 6501(a), 6503(a)(1).

Respondent mailed, and petitioners received, the notice prior to the expiration of the period of limitations.  Moreover, petitioners filed a petition in a timely manner.  We hold that where respondent failed to put the petition date on the notice, and petitioners nevertheless received the notice and filed a petition in a timely manner, such notice was valid.

We note that while Congress, in section 3463(a) of the Act, provided that the IRS "shall include" the petition date on each notice, Congress failed to prescribe what consequences result

from failure to include such date.  Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.