OPINION VASQUEZ, Judge: Respondent determined the following deficiencies in Federal income tax and section 6662(a) accuracy-related penalties: Penalty Year Deficiency sec. 6662(a) $229,096 $45,819 CD CD cn 34,549 6,910 CD CD 05 This case is before the Court on the parties’ cross-motions to dismiss for lack of jurisdiction. Petitioner has moved for dismissal in his favor on the ground that respondent’s notice of deficiency is invalid. Respondent moves for dismissal in his favor on the ground that the petition in this case was not timely filed. A hearing was held with respect to these motions on February 5, 2001. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Background Petitioner resided in Austin, Texas, at the time the petition in this case was filed. Petitioner is an attorney who performed legal services in the Dallas, Texas, area during the years at issue. The facts necessary to decide the motions are few, and they are based on the parties’ stipulations. On July 20, 1999, respondent sent petitioner a notice of deficiency via certified mail.[1] The notice was sent to petitioner’s last known address in Austin, Texas. Although the exact date of delivery cannot be ascertained from the U.S Postal Service delivery receipt, the parties agree that petitioner received the notice of deficiency on or about July 23, 1999. After the heading “Date” located in the upper right corner of the notice of deficiency appears a stamped date of July 20, 1999. Also in the upper right corner of the notice of deficiency appears a heading “Last Day to File a Petition With the United States Tax Court”. The space immediately following this heading is blank, and nowhere else within the notice does the Commissioner provide the specific calendar date on which petitioner can last timely file a petition with this Court. The body of the notice of deficiency does, however, contain the following passage regarding the timing considerations for filing a petition with this Court: If yon want to contest this deficiency in court before making any payment, you have 90 days from the above mailing date of this letter (150 days if addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. * * * The time in which you must file a petition with the Court (90 or 150 days as the case may be) is fixed by law and the Court cannot consider your case if your petition is filed late. Petitioner mailed his petition to the Court on December 10, 1999, and the petition was received on December 13, 1999. The parties have stipulated that these dates are 143 and 146 days after the mailing of the notice of deficiency, respectively. Discussion There are two prerequisites to this Court’s jurisdiction to redetermine a deficiency: (1) The issuance of a valid notice of deficiency by the Commissioner; and (2) the timely filing of a petition with the Court by the taxpayer. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). The parties have each moved this Court to dismiss for lack of jurisdiction, albeit on different grounds. Petitioner moves to dismiss on the ground that the notice of deficiency issued by respondent is invalid. Respondent moves to dismiss on the ground that the petition filed in this case was untimely. If the notice of deficiency is found to be invalid, we must dismiss in petitioner’s favor regardless of whether petitioner’s petition was timely filed. See Weinroth v. Commissioner, 74 T.C. 430, 435 (1980). Accordingly, we shall first address the validity of respondent’s notice. A. Validity of Notice of Deficiency Petitioner contends that the notice of deficiency issued by respondent is invalid on account of its failure to specify the last possible date on which petitioner could file a timely petition with this Court (the petition date), as required by section 3463(a) of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, 112 Stat. 685, 767.[2] Section 3463 of RRA 1998 provides in full as follows: (a) In General. — The Secretary of the Treasury or the Secretary’s delegate shall include on each notice of deficiency under section 6212 of the Internal Revenue Code of 1986 the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court. (b) Later Filing Deadlines Specified on Notice of Deficiency To Be Binding. — Subsection (a) of section 6213 (relating to restrictions applicable to deficiencies; petition to Tax Court) is amended by adding at the end the following new sentence: “Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.”. (c) Effective Date. — Subsection (a) and the amendment made by subsection (b) shall apply to notices mailed after December 31, 1998. Petitioner notes that the Commissioner’s obligation to provide the petition date in the notice of deficiency is described in mandatory terms. Petitioner argues that respondent’s failure to provide the petition date as required renders the notice invalid. We recently addressed section 3463(a) of RRA 1998 in Smith v. Commissioner, 114 T.C. 489 (2000). The taxpayer in Smith received a notice of deficiency mailed after December 31, 1998, which failed to specify the last day for filing a timely Tax Court petition. The taxpayer therein nonetheless filed his petition within the 90-day period prescribed by section 6213(a). We rejected the taxpayer’s argument that the notice of deficiency was rendered invalid by the Commissioner’s failure to comply with section 3463(a) of RRA 1998. Instead, we held that where the Commissioner fails to provide the petition date on the notice of deficiency but the taxpayer nonetheless receives the notice and files a timely petition, the notice is valid. See id. at 492. Unlike the taxpayer in Smith, petitioner did not file his petition within the 90-day period prescribed by section 6213(a). Petitioner therefore argues that our decision in Smith does not foreclose his argument that the notice of deficiency in this case is invalid. Despite the fact that petitioner filed his petition beyond the statutory period, we hold that the notice in this case is valid. We explain our reasoning below. Section 6212(a) provides that if the Commissioner determines a deficiency in income tax, “he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.” The purpose of this provision is to provide the taxpayer with actual notice of the deficiency in a timely manner, so that the taxpayer will have an opportunity to seek a redetermination of such deficiency in the prepayment forum offered by this Court. See Smith v. Commissioner, supra at 490-491; McKay v. Commissioner, 89 T.C. 1063, 1067 (1987), affd. 886 F.2d 1237 (9th Cir. 1989). In this case, the notice of deficiency was received by petitioner within days of its mailing. The statutory goal of providing the taxpayer with actual notice of the deficiency determination in a timely manner was therefore satisfied. Although the notice of deficiency failed to provide the petition date, the notice was by no means devoid of information regarding the timeframe in which petitioner had to file his Tax Court petition. The notice clearly stated that the petition had to be filed within 90 days of the mailing of the notice. In addition, the necessity of filing a timely petition was emphasized in underscored type. Furthermore, petitioner was not prejudiced by respondent’s failure to specify the petition date in the notice. The legislative materials accompanying section 3463 of RRA 1998 reveal that Congress was concerned about taxpayers who, due to a miscalculation of the filing period under section 6213(a), would foreclose their ability to litigate their deficiencies on a prepayment basis by filing their petitions late. Below is an excerpt from the Senate Finance Committee report accompanying RRA 1998: Present Law Taxpayers must file a petition with the Tax Court within 90 days after the deficiency notice is mailed (150 days if the person is outside the United States) (sec. 6213). If the petition is not filed within that time period, the Tax Court does not have jurisdiction to consider the petition. Reasons for Change The Committee believes that taxpayers should receive assistance in determining the time period within which they must file a petition in the Tax Court and that taxpayers should be able to rely on the computation of that period by the IRS. Explanation of Provision The provision requires the IRS to include on each deficiency notice the date determined by the IRS as the last day on which the taxpayer may file a petition with the Tax Court. The provision provides that a petition filed with the Tax Court by this date is treated as timely filed. [S. Rept. 105-174, at 90 (1998), 1998-3 C.B. 537, 626.] See also H. Rept. 105-364 (Part 1), at 71 (1998), 1998-3 C.B. 373, 443. Petitioner does not claim that his failure to timely file his petition was a product of a miscalculation of the filing period. Indeed, given that his petition was filed 56 days late, we would find any such claim implausible. Rather, petitioner points only to respondent’s technical noncompliance with section 3463(a) of RRA 1998 as a means of invalidating the deficiency notice. As we noted in Smith v. Commissioner, supra at 492, Congress did not specify what consequences were to follow from the Commissioner’s failure to provide the petition date in the notice of deficiency. We conclude that section 3463(a) of RRA 1998 does not require invalidating the notice under the present circumstances. B. Timeliness of Petition Petitioner concedes that his petition was filed outside the filing period set forth in the first sentence of section 6213(a). Petitioner nonetheless contends that his petition is rendered timely by the operation of the last sentence of section 6213(a), added by section 3463(b) of RRA 1998. As amended, section 6213(a) reads in pertinent part as follows: SEC. 6213(a). Time for Filing Petition and Restriction on Assessment. — Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * * Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed. [Emphasis added.] In his petition and his objection to respondent’s motion to dismiss, petitioner argues that the last sentence of section 6213(a) requires that, where the Commissioner fails to provide the petition date in the notice of deficiency, any petition filed by the taxpayer will be treated as having been timely filed.[3] Accordingly, petitioner contends that his petition is timely under section 6213(a) despite the fact that it was filed 56 days after expiration of the 90-day period prescribed by the first sentence of that section. Respondent does not address at length the merits of petitioner’s argument described above. Rather, respondent simply denies that the last sentence of section 6213(a) operates to treat petitioner’s petition as having been timely filed. Implicit in respondent’s denial is his contention that the last sentence of section 6213(a) has no application in this case. We begin our analysis with the actual text of the provision in dispute. The relief offered by the last sentence of section 6213(a) (that is, treating the petition as having been timely filed even where the petition is filed after expiration of the period prescribed by the first sentence of section 6213(a)) is predicated upon the filing of a petition “on or before the last date specified for filing such petition by the Secretary”. (Emphasis added.) The parties differ on what effect the absence of an actual “last date specified” has on petitioner’s ability to satisfy the condition to relief. Petitioner argues that where the petition date is not specified by the Commissioner in the notice of deficiency, the condition to relief under the last sentence of section 6213(a) is satisfied by the mere filing of a petition. Petitioner appears to interpret the statute to provide that the petition is rendered timely because it was not filed after the last date specified in the deficiency notice. This, however, is not how the statute reads. The statute requires the petition to be filed on or before the last date specified in the notice of deficiency. Because the last date for filing a timely Tax Court petition was not specified by the deficiency notice in this case, the petition could not be filed on or before any such date. A textual analysis of the last sentence of section 6213(a) therefore supports respondent’s position that such provision does not apply in the present case. Respondent’s position finds further support in the legislative history behind the amendment to section 6213(a). After noting the requirement that the Commissioner specify the petition date in the notice of deficiency, the Senate Finance Committee report explained that the taxpayer “should be able to rely on the computation of that period by the IRS.” S. Rept. 105-174, supra at 90, 1998-3 C.B. 537, 626; see also H. Rept. 105-364 (Part 1), supra at 71, 1998-3 C.B. 373, 443. This passage indicates that the justification behind the addition of the last sentence of section 6213(a) was to protect those taxpayers who, absent some form of relief, would have detrimentally relied on the Commissioner’s miscalculation of the petition date. The theory of detrimental reliance assumes the actual provision of misleading information upon which a party could rely. This case, however, does not involve the provision of misinformation. Although petitioner appears to argue on brief that the failure to provide the petition date in the notice led him to believe that he did not have to file his petition within the 90-day period,[4] we find such argument implausible. As discussed above, the notice of deficiency issued to petitioner clearly provided that his petition had to be filed within 90 days of the mailing of the notice, and it emphasized the consequence of not doing so. We do not believe that a reasonable person, let alone one with petitioner’s legal training, would interpret the mere absence of a stamped petition date following the heading “Last Date to File a Petition With the United States Tax Court” as the grant of an unlimited filing period, particularly given the express provisions to the contrary contained in the body of the notice. Simply put, this is not a case of taxpayer prejudice which Congress intended to rectify through the addition of the last sentence of section 6213(a).[5] In light of the text of the last sentence of section 6213(a) and its legislative history, we hold that such provision does not operate in the instant case to render petitioner’s petition timely. C. Conclusion The notice of deficiency issued by respondent is valid, and petitioner failed to file a timely petition with this Court. Accordingly, petitioner’s motion to dismiss for lack of jurisdiction will be denied, and respondent’s motion to dismiss for lack of jurisdiction will be granted. To reflect the foregoing, An appropriate order denying petitioner’s motion to dismiss for lack of jurisdiction and granting respondent’s motion to dismiss for lack of jurisdiction will be entered. Reviewed by the Court. Wells, Cohen, Gerber, Ruwe, Whalen, Halpern, Beghe, Laro, and Thornton, JJ., agree with this majority opinion. The notice of deficiency was also mailed to Tom Gilbert, a certified public accountant listed as petitioner’s representative under a power of attorney. Sec. 3463(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, 767, has not been incorporated as a provision of the Internal Revenue Code. Nonetheless, this provision has the force of law. See Smith v. Commissioner, 114 T.C. 489, 491 (2000); see also United States Natl. Bank v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 448 (1993) (stating that an uncodified provision shall have the force of law as long as the provision is in the Statutes at Large). Petitioner’s argument, if accepted, would afford taxpayers who receive a deficiency notice lacking the petition date with an unlimited time period in which to timely file their Tax Court petitions. We note that the existence of an unlimited filing period could produce uncertainty as to (a) the ability of the Commissioner to assess the determined deficiency given the restriction contained in the second sentence of sec. 6213(a), and (b) the tolling of the period of limitations on assessment provided by sec. 6503. Petitioner’s specific argument reads as follows: “Petitioner received the notice of deficiency, but did not file a Petition with the Tax Court within 90 days from the date of the notice of deficiency, since the notice of deficiency did not specify the last date on which Petitioner could file a Petition.” We do not address in this opinion the situation in which a taxpayer receives a deficiency notice omitting the petition date and files his petition just after expiration of the filing period set forth in the first sentence of sec. 6213(a) due to the taxpayer’s miscalculation thereof.