# United States Tax Court

162 T.C. No. 1

DOUGLAS DODSON AND REBECCA DODSON,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 3657-22.                                          Filed January 3, 2024.

————

R mailed a notice of deficiency (first notice) to Ps specifying a deadline for filing a petition to redetermine the determined deficiency. The specified deadline was over one year from the date on which R mailed the first notice. One day later, R mailed a second notice of deficiency (second notice) to Ps that purported to correct the deadline for filing a petition. Ps filed their Petition for review of the first notice before the petition filing deadline specified in the first notice but after the petition filing deadline specified in the second notice and after the 90-day period for filing a petition provided by the first sentence of I.R.C. § 6213(a).

*Held*: Ps timely filed their Petition pursuant to the last sentence of I.R.C. § 6213(a), and we have jurisdiction over this case.

————

*David R. Jojola* and *Derek W. Kaczmarek*, for petitioners.

*Vivian Bodey*, *Lewis A. Booth*, *Estevan D. Fernandez*, and *Sharmeen Ladhani*, for respondent.

OPINION

MARVEL, *Judge*: This case is before us for disposition of respondent's Motion to Dismiss for Lack of Jurisdiction (Motion to Dismiss), filed June 29, 2023. Respondent contends that we lack jurisdiction under section 6213(a)[1] because petitioners filed their Petition more than 90 days after respondent mailed petitioners a notice of deficiency (first notice) on October 7, 2021, and a corrected notice of deficiency (second notice) on October 8, 2021. Petitioners argue that we nonetheless have jurisdiction pursuant to the last sentence of section 6213(a), which provides: "Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed." Resolution of the parties' contentions requires us to decide, as a matter of first impression, whether the last sentence of section 6213(a) requires us to treat a taxpayer's petition as timely filed when it is filed (1) before the petition filing date specified in the notice of deficiency that forms the basis for the taxpayer's petition but (2) after the date specified for filing in a later-issued corrected notice of deficiency and (3) after the 90-day period for filing a petition provided by the first sentence of section 6213(a). For the reasons stated herein, we decide this issue in favor of petitioners and treat their Petition as timely filed under the last sentence of section 6213(a).

*Background*

On October 7, 2021, respondent mailed the first notice to petitioners for their 2017 taxable year. Tracking information for two copies of the first notice reflects the delivery of both copies in Alamogordo, New Mexico, on October 12, 2021, by the U.S. Postal Service (USPS). The first notice bears a stamped date specifying December 5, 2022, as the last day to file a petition. Petitioners filed their Petition on March 3, 2022. The Petition attached a copy of the first notice and no other notice of deficiency. Petitioners resided in New Mexico when they filed their Petition. Unless otherwise agreed by the parties in writing, venue for an appeal is the U.S. Court of Appeals for the Tenth Circuit. *See* § 7482(b)(1)(A), (2).

Respondent has also produced the second notice, which he mailed to petitioners on October 8, 2021, and which purports to be a corrected

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.

version of the first notice. The second notice bears a stamped date specifying January 6, 2022, as the last day to file a petition. The second notice is accompanied by a cover sheet stating: "PREVIOUS NOTICE SENT WITH INCORRECT DATE. CORRECTED NOTICE WITH CORRECT DATES." The second notice does not differ from the first notice in any other material respect.[2] Petitioners state that they did not receive the second notice. Petitioners have produced tracking information for two copies of the second notice reflecting the departure of the notice copies from USPS's El Paso, Texas, distribution center on October 13, 2021, without any indication that USPS ever delivered them to petitioners. Petitioners filed their Petition in this case on March 3, 2022, which is 147 days after respondent mailed the first notice and 146 days after respondent mailed the second notice.

## *Discussion*

We are a court of limited jurisdiction, and we may exercise jurisdiction only to the extent expressly provided by statute. *See Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). We have jurisdiction to determine whether we have jurisdiction over a particular case. *See Stewart v. Commissioner*, 127 T.C. 109, 112 (2006) (citing *Brannon's of Shawnee, Inc. v. Commissioner*, 69 T.C. 999, 1002 (1978)). Regardless of the parties' views as to our jurisdiction, we must determine for ourselves whether we have jurisdiction. *See Charlotte's Off. Boutique, Inc. v. Commissioner*, 121 T.C. 89, 102 (2003), *supplemented by* T.C. Memo. 2004-43, *aff'd*, 425 F.3d 1203 (9th Cir. 2005).

Our jurisdiction in a case for the redetermination of a deficiency depends on the issuance of a valid notice of deficiency to the taxpayer and the timely filing of a petition by the taxpayer. *See Monge v. Commissioner*, 93 T.C. 22, 27 (1989); *Normac, Inc. v. Commissioner*, 90 T.C. 142, 147 (1988); *see also Sanders v. Commissioner*, No. 15143-22, 161 T.C. (Nov. 2, 2023); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126 (2022). Generally, the petition must be filed within 90 days after the notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day).[3] *See Sanders v.*

---

[2] Certain pages appear in a different order in the second notice in comparison to the first notice.

[3] Section 6213(a) provides a 150-day filing period for a notice of deficiency addressed to a person outside the United States, but that provision is not at issue here because both the first and second notices were addressed to petitioners at their New Mexico residence.

*Commissioner*, No. 25868-22, 160 T.C., slip op. at 5 (June 20, 2023). This filing deadline is jurisdictional, and equitable tolling does not apply. *See Hallmark Rsch. Collective*, 159 T.C. at 166–67.

The last sentence of section 6213(a), which was enacted in the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA), Pub. L. No. 105-206, § 3463(b), 112 Stat. 685, 767, provides: "Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed." RRA § 3463(a), 112 Stat. at 767, is an uncodified provision of law stating that the "Secretary of the Treasury or the Secretary's delegate shall include on each notice of deficiency under section 6212 of the Internal Revenue Code of 1986 the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court." *See Smith v. Commissioner*, 114 T.C. 489, 491 (2000), *aff'd*, 275 F.3d 912 (10th Cir. 2001). Both provisions apply to notices mailed after December 31, 1998. RRA § 3463(c), 112 Stat. at 767.

Section 6212(d) permits the Secretary, with the consent of the taxpayer, to rescind any notice of deficiency mailed to the taxpayer. Among other consequences, a rescinded notice "shall not be treated as a notice of deficiency for purposes of . . . section 6213(a)" and "the taxpayer shall have no right to file a petition with the Tax Court based on such notice." § 6212(d). Rev. Proc. 98-54, § 5.07, 1998-2 C.B. 529, 530, states that a "properly executed Form 8626 (or a document as provided in section 5.06 of this revenue procedure) is the only way that a notice of deficiency may be rescinded."[4]

The Petition in this case attached the first notice. The first notice unambiguously determines a deficiency against petitioners and is therefore valid. *See Dees v. Commissioner*, 148 T.C. 1, 6 (2017) ("[I]f the notice is sufficient to inform a reasonable taxpayer that the Commissioner has determined a deficiency, our inquiry [as to the notice's validity] ends there; the notice is valid."). Petitioners filed their Petition before December 5, 2022, the last day specified in the first notice for filing a petition in this Court. This is sufficient to comply with the last sentence of section 6213(a), which in the words of the Tenth

---

[4] Rev. Proc. 98-54, § 5.06, 1998-2 C.B. at 530, states that "[a]lthough use of Form 8626 is preferred," if certain enumerated criteria are met, "a document that reflects agreement by the taxpayer and the [Internal Revenue] Service to rescind the notice of deficiency, pursuant to [section] 6212(d), may be used in lieu of Form 8626."

Circuit means that "if a notice indicates a petition date that is more than 90 days after the date of mailing, that date controls." *Smith v. Commissioner*, 275 F.3d at 916.

The record discloses no consent by petitioners to a rescission of the first notice in any manner, let alone in a form complying with Rev. Proc. 98-54. Absent a rescission with petitioners' consent, the first notice continued to "be treated as a notice of deficiency for purposes of . . . section 6213(a)," *see* § 6212(d), including for purposes of the last sentence of section 6213(a). Accordingly, respondent's issuance of the second notice without petitioners' consent did not have the effect of rescinding the first notice, either in whole or in part. *See Hanashiro v. Commissioner*, T.C. Memo. 1999-78, slip op. at 10 ("The rescission of a notice of deficiency requires mutual consent by the Commissioner and the taxpayer, and such mutual consent must be objectively apparent."); *Slattery v. Commissioner*, T.C. Memo. 1995-274, 69 T.C.M. (CCH) 2953, 2956 ("Clearly, the statute requires mutual consent by the Secretary and the taxpayer to effect a rescission of a notice of deficiency. We know of no authority deeming a notice of deficiency rescinded in absence of a formal rescission." (Footnote omitted.)). As soon as respondent mailed the first notice to petitioners on October 7, 2021, respondent could no longer unilaterally rescind the first notice.

The restriction on nonconsensual rescissions found in section 6212(d), unlike the restriction on further deficiency letters found in section 6212(c), is not limited to situations where the Secretary determines an additional deficiency of income tax (or certain other taxes) for the same taxable year.[5] Our straightforward conclusion, derived from the plain text of sections 6213(a) and 6212(d), is that we are required to treat the Petition as timely filed. Accordingly, we will do so. This is not a case where a taxpayer petitions us for redetermination of a deficiency in a notice that purports to correct a prior notice of deficiency, a circumstance for which we express no view on the application of the last sentence of section 6213(a).

---

[5] Section 6212(c) does not have any bearing on the outcome in this case because the second notice, in relation to the first notice, did not purport to determine any additional deficiency of income tax for the same taxable year. *See Richardson v. Commissioner*, 76 T.C. 512, 530 (1981) ("Section 6212(c) restricts [the Commissioner's] right to *determine an additional deficiency* when a timely petition has been filed with the Tax Court." (Emphasis added.)), *aff'd*, 693 F.2d 1189 (5th Cir. 1982). Instead, as its cover sheet makes clear, the second notice purported only to modify the date specified for filing a petition in this Court.

Respondent makes a number of arguments to resist this straightforward conclusion, but none of them is availing. Respondent relies on our holdings in *Smith* and in *Rochelle v. Commissioner*, 116 T.C. 356 (2001), *aff'd per curiam*, 293 F.3d 740 (5th Cir. 2002). This reliance is misplaced.

In *Smith*, 114 T.C. at 490, we considered the validity of a notice of deficiency that did not specify a date in the section of the notice titled "Last Day to File a Petition With the United States Tax Court." Neither did the notice specify a date in the section of the notice titled "Letter Date." *Id.* Within the 90-day period for filing a petition, the Internal Revenue Service (IRS) sent a letter to the taxpayers' counsel providing the missing dates and the taxpayers timely filed their petition. *Id.* We held that "where [the IRS] failed to put the petition date on the notice, and [the taxpayers] nevertheless received the notice and filed a petition in a timely manner, such notice was valid." *Id.* at 492. While the notice of deficiency did not satisfy the requirement of RRA § 3463(a) that it specify the last day on which the taxpayer may file a petition, we reasoned that the failure did not prejudice the taxpayers because the IRS "mailed, and [the taxpayers] received, the notice prior to the expiration of the period of limitations. Moreover, [the taxpayers] filed a petition in a timely manner." *Smith*, 114 T.C. at 490. We specifically noted that Congress did not specify what consequences should follow from the IRS's failure to provide the last day for filing a petition in the notice of deficiency. *Id.*

The Tenth Circuit affirmed our decision in *Smith*, concluding that the notice of deficiency was valid because the taxpayers were not prejudiced. *Smith v. Commissioner*, 275 F.3d at 915–16. It observed that the taxpayers received their notice of deficiency well in advance of the deadline for filing a petition; filed their petition in a timely manner; did not claim that the notice's failure to include the information impaired their ability to file a petition; and received assistance from the IRS in determining the last day for filing a petition. *Id.* In addition the Tenth Circuit stated:

> The Senate Finance Committee's report on the [RRA] states that the purpose of [RRA] section 3463 is to ensure that taxpayers do not miss their filing deadlines because of simple miscalculation: "The Committee believes that taxpayers should receive assistance in determining the time period within which they must file a petition in the Tax Court and that taxpayers should be able to rely on the

computation of that period by the IRS." S. Rep. 105–174, at 90 (1998), *quoted in Rochelle v. Comm'r*, 116 T.C. 356, 360, 2001 WL 548942 (2001). The statute further advances this purpose by providing that, if a notice indicates a petition date that is more than 90 days after the date of mailing, that date controls. Pub.L. 105–206, § 3463(b), 112 Stat. 685, 767.

*Id.*

In *Rochelle*, 116 T.C. at 358, the taxpayer and the Commissioner each moved to dismiss the case for lack of jurisdiction, albeit on different grounds. The taxpayer argued that the notice of deficiency, which did not specify the last day for filing a petition, was invalid. *Id.* at 357–58. The Commissioner argued that the taxpayer's petition, which the taxpayer mailed 143 days after the mailing of the notice of deficiency, was untimely filed. *Id.* at 358. We concluded that the notice was valid. *Id.* at 358–61. We observed the taxpayer was not prejudiced by the notice's failure to specify the last day for filing a petition because "[t]he notice clearly stated that the petition had to be filed within 90 days of the mailing of the notice," *id.* at 360, "the necessity of filing a timely petition was emphasized in underscored type," *id.*, and the taxpayer did not "claim that his failure to timely file his petition was a product of a miscalculation of the filing period," *id.* at 361. We also concluded that, despite the last sentence of section 6213(a), the taxpayer did not timely file his petition because the last sentence of section 6213(a) "requires the petition to be filed on or before the last date specified in the notice of deficiency. *Because the last date for filing a timely Tax Court petition was not specified by the deficiency notice in this case*, the petition could not be filed on or before any such date." *Rochelle*, 116 T.C. at 362 (emphasis added).

*Smith* and *Rochelle* have no application here. *Smith* concerned only the validity of a notice of deficiency, not the timeliness of a petition filing. The first notice in this case, unlike the notices in *Smith* and *Rochelle*, expressly stated the last day petitioners could file a petition, a distinction we acknowledged in *Rochelle*. The last sentence of section 6213(a) expressly provides the treatment of a petition filed pursuant to a notice of deficiency that specifies a petition filing date. In contrast, neither RRA § 3463(a) nor any other law expressly addresses the treatment of a petition filed pursuant to a notice of deficiency lacking a petition filing date, the situation we confronted in *Smith* and *Rochelle*.

Congress could have used narrower means to advance the purposes motivating the enactment of the last sentence of section 6213(a), but it did not. The last sentence of section 6213(a) advances the avowed congressional purpose of enabling taxpayers to rely on the IRS's computation of the period for filing a petition, which is more than enough legislative history for us to hang our hat on, proverbially speaking. It is not our role to question Congress's choice of means in this regard. *See Rochelle*, 116 T.C. at 368 (Chabot, J., dissenting) ("It is not at all unusual for the Congress to act more broadly than the confines of the problem described in the legislative history; the Congress has done so in many different areas of the tax law."). Likewise, we see no warrant in the statutory text for considering whether petitioners are represented by counsel or prejudiced by the first notice, as respondent would have us do.

Respondent repeatedly characterizes the petition filing date on the first notice as an "obvious mistake," but this characterization is misleading. As recognized by the Tenth Circuit, a taxpayer may timely file a deficiency petition by meeting the requirements of the first sentence of section 6213(a) or, alternatively, the last sentence of section 6213(a). *See Smith v. Commissioner*, 275 F.3d at 916 ("[I]f a notice indicates a petition date that is more than 90 days after the date of mailing, that date controls."). Here, the petition filing date on the first notice had independent legal effect, and petitioners were permitted to rely on it regardless of whether they retained counsel and regardless of whether prejudice would result from applying another deadline. Respondent's position in this case attempts to create uncertainty about the meaning of the last sentence of section 6213(a) where there is none.

*Conclusion*

Petitioners timely filed their Petition in accordance with section 6213(a). Accordingly, we have jurisdiction over this case, and we will deny respondent's Motion to Dismiss.

We have considered all of the parties' arguments and, to the extent they are not discussed herein, find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

*An appropriate order will be issued.*